[S. F. No. 902.    Department One.—January 31, 1899.]

PACIFIC PINE LUMBER COMPANY, Appellant, v. WESTERN UNION TELEGRAPH COMPANY, Respondent.

NEGLIGENCE—DAMAGE FOR NONDELIVERY OF TELEGRAM—LIABILITY OF PLAINTIFF TO THIRD PERSON—INSUFFICIENT COMPLAINT.—A complaint in an action for damages for the negligent failure of the defendant to deliver a telegram to the plaintiff with promptitude, in which the only damage alleged is that plaintiff was prevented thereby from discharging its contract obligation to

a third person to whom damage resulted from breach of the contract between plaintiff and such third person, who demands damages against plaintiff, and threatens suit therefor, does not state a cause of action entitling the plaintiff to recover.

ID.—NOMINAL DAMAGES.—The complaint not having alleged any damages for breach of the defendant's duty to the plaintiff directly, but only for the breach of the defendant's duty to a third person, the plaintiff is not entitled to recover nominal damages.

ID.—LIABILITY OF PLAINTIFF, NOT ACTUAL LOSS—DOUBLE LIABILITY OF DEFENDANT.—There must be actual loss caused to the plaintiff before there can be actual compensation therefor from the defendant and the actual liability of the plaintiff to a third person is not the equivalent of actual loss. The defendant is liable to such third person for actual loss occasioned to him by its negligence, and cannot be subjected twice to its payment; nor can the defendant be compelled to pay the amount of it to the plaintiff unless it has been first actually discharged by the plaintiff.

ID.—CONSTRUCTION OF CODE—CERTAINTY OF DETRIMENT.—The provision of section 3283 of the Civil Code providing that "damages may be awarded in judicial proceedings for detriment resulting after the commencement of the action, or certain to result in the future," has no application to a claim for damages in favor of a third person against the plaintiff for breach of a contract which took place before the commencement of the action, and in respect to which there is no certainty that an action will be brought in the future to compel the plaintiff to pay it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. A. Sanderson, Judge.

The facts are stated in the opinion.

William H. Jordan, for Appellant.

R. B. Carpenter, for Respondent.

CHIPMAN, C.—Action for damages to plaintiff, alleged to have resulted from defendant's negligence in failing to deliver a message with due promptitude. The complaint was twice amended; the court sustained the demurrer to the last amended complaint without leave to further amend, and gave judgment for defendant, from which plaintiff appeals.

The complaint shows that defendant is engaged in the business of transmitting and delivering messages and cablegrams for hire, and has an office in San Francisco near the plaintiff's place of business, which was and is well known to defendant by reason

of plaintiff's registering with defendant its address, and that defendant agreed to deliver to plaintiff promptly all messages coming over defendant's wires directed to plaintiff. On August 18, 1894, plaintiff telegraphed one Snethlage, a customer of plaintiff at Shanghai, China, offering him a vessel to convey a cargo of lumber from Puget Sound to Shanghai upon certain terms. On August 19, 1894, Snethlage replied by defendant's wires accepting plaintiff's offer; by reason of the gross and inexcusable neglect of defendant, Snethlage's message was not delivered to plaintiff until September 13, 1894; on the receipt of plaintiff's message by him Snethlage sold the cargo of lumber at a price netting him one thousand and seventy-one dollars, but that plaintiff, through defendant's said negligence, was ignorant of Snethlage's acceptance, and did not despatch the vessel laden with said lumber, by reason of which Snethlage lost his sale and the party to whom he had sold was obliged to purchase in the open market, thus causing a loss to Snethlage of one thousand and seventy-one dollars, which he demands from plaintiff, and for the payment of which he threatens plaintiff with suit; "that owing to the facts set forth plaintiff has no defense against such demand and threatened suit, and will be compelled to pay the same; that plaintiff has requested defendant to assume and discharge said liability to Snethlage, but defendant has refused so to do."

The ground of demurrer relied upon by defendant goes to the sufficiency of the complaint.

Plaintiff claims that the action is founded upon tort, but it makes no claim for direct injury to it through defendant's alleged negligence. Its sole claim is, that because Snethlage was damaged and might by suit recover from plaintiff, therefore defendant is liable to plaintiff. It seems to me to be immaterial what plaintiff may call its damages—whether founded upon tort or upon contract; it must recover, if at all, because of plaintiff's contract liability to Snethlage, for it claims no other damage.

The statute imposed a duty upon defendant to promptly deliver Snethlage's message to plaintiff (Civ. Code, secs. 2161, 2162); and the failure on defendant's part was an injury to Snethlage and to plaintiff. But no injury is alleged to have accrued to the latter except that as Snethlage was injured he has

a possible action against plaintiff which he may in the future seek to enforce; defendant's direct liability to plaintiff need not, therefore, be considered.

Appellant cites section 3360 of the Civil Code to show that, "when a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages"; and hence argues that it was wrong to deny a trial even if plaintiff had not paid Snethlage. (Citing, also, *Mentzer v. Western Union Tel. Co.* (Iowa, 1895), 62 N. W. Rep. 1; *Parks v. Alta Cal. Tel. Co.*, 13 Cal. 422; 73 Am. Dec. 589; *Treadway v. James*, 57 Cal. 137.)

Appellant's contention would have force if the alleged cause of action was for defendant's breach of duty to plaintiff, and damages were claimed as resulting from that breach. But, as we understand the complaint, nothing whatever is claimed except for plaintiff's breach of duty to Snethlage. Why, then, should plaintiff be permitted to go to trial to show damages where none are claimed? It seems to me that plaintiff should be held to the manifest purpose and object of his suit, which is to recover for a liability incurred by plaintiff to Snethlage.

Conceding, but not deciding, that under the provisions of Civil Code, sections 1565, 1582, 1583, when Snethlage sent his message of acceptance of plaintiff's proposal, the minds of the contracting parties from that moment must be deemed to have met and the contract then become obligatory upon plaintiff, although the acceptance was not known to plaintiff, the complaint shows that plaintiff has not discharged its liability to Snethlage, nor has the latter taken any steps to enforce it, further than to make demand. He may never do so. Under such circum-stances we do not think that the complaint states a cause of action against defendant.

The rule, generally stated, is that there must be actual loss before there can be actual compensation; and it cannot be said in the case we have here that actual liability is equivalent to actual loss. Snethlage has a right of action against defendant for his damage; he also has a right of action against plaintiff. But he cannot recover against both, for that would give him double the damage he has suffered.

For the same reason that Snethlage cannot recover twice for

his injury the defendant cannot be subjected to payment twice for it.

Appellant contends that, as plaintiff's liability to. Snethlage is the direct result of defendant's tort, it is wholly immaterial whether or not plaintiff has discharged this liability to Snethlage, because there is reasonable certainty of its having to pay. Section 3283 of the Civil Code is relied upon, which provides as follows: "Damages may be awarded in judicial proceedings for detriment resulting after the commencement thereof, or certain to result in the future." This section has no application. It cannot be said that a suit by Snethlage against plaintiff "is certain to result in the future," and the other part of the section refers to a class of cases, such as for personal injuries, where expenses may be incurred by the plaintiff after action brought for medical attendance, nursing, and the like. Such was the case of *Wilson v. Southern Pac. Co.*, 13 Utah, 352; 57 Am. St. Rep. 766; *Donnelly v. Hufschmidt*, 79 Cal. 74; *Hicks v. Herring*, 17 Cal. 566; and other like cases cited by appellant. The rule, as stated by Mr. Greenleaf, is, that the proof of damages in such cases may extend to all matters up to that period which are the natural result of the previous injury. (2 Greenleaf on Evidence, sec. 268.) The "detriment" complained of here was not "for detriment resulting after the commencement" of the action.

*De Costa v. Massachusetts Min. Co.*, 17 Cal. 613, was an action to abate a nuisance and for damages, caused by digging a ditch on plaintiff's land. The trial court awarded as damages a sum sufficient to pay the expenses of filling up the ditch and restoring the land to its original condition. It was held here that the basis was incorrect; that the plaintiff could recover only for the injury sustained, and it was improper to award compensation for an expense which might never be incurred.

In actions upon injunction bonds, it has been frequently held in this court that damages cannot be recovered for the fees of an attorney employed to resist the injunction, although the plaintiff is liable to his attorney, without showing actual payment to him; (*Willson v. McEvoy*, 25 Cal. 170;) Citing Sedgwick on Damages, page 307, where, in speaking of liability on a bond, it was said: "The rule should be considered cardinal and

absolute that actual compensation should be given for actual loss." Even where a bond expressly indemnified against "any liability incurred " and judgments had been obtained for breach of the bond, a complaint was held bad, on demurrer, because it did not allege that the judgment had been paid. (*Gilbert v. Wiman,* 1 N. Y. 550; 49 Am. Dec. 359.)

We perceive no reason why a different rule should be applied in the case before us, for, after all, plaintiff's alleged damage is none other than plaintiff's liability to pay Snethlage for breach of contract; and until plaintiff has discharged this liability, how can it be said that defendant owes plaintiff anything, or that plaintiff has suffered loss?

Respondent claims that the case resolves itself into the question whether a plaintiff can recover against a defendant for injury done by the latter to a third person, although the injury causes a loss to the plaintiff by reason of his contract relations with or for such third person. Cases are cited in support of a negative answer to the question. One of these was where plaintiff, a life insurance company, sued a railroad company for wrongfully causing the death of a person insured by plaintiff. It was held that "in the absence of any privity of contract between plaintiff and defendant, and of any direct obligation of the latter to the former growing out of the contract or relation between the insured and defendant, the loss of plaintiff, although due to the acts of the railroad company, being brought home to the insured only through the artificial relation of contractors with the party immediately subject to the wrong done by the railroad company, was a remote and indirect consequence of the misconduct of the defendants, and not actionable." (*Connecticut Life Ins. Co. v. New York etc. R. R. Co.,* 25 Conn. 265; 65 Am. Dec. 571.)

Appellant claims that in the case here the statute made it the duty of, and the complaint alleges an agreement by, defendant to deliver to plaintiff any messages which might be received by it in its office at San Francisco, failing in which was the direct cause of plaintiff's liability to Snethlage; and, therefore, the case is taken out of the rule in cases cited by respondent. The question, however, need not be considered, for the reason that in no event is defendant liable to plaintiff until plaintiff shows that

he has been injured, which we think it has not done by merely alleging a liability to Snethlage.

The judgment should be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    Garoutte, J., Harrison, J., Van Dyke, J.