[Civ. No. 1606.   First Appellate District.—June 19, 1915.]

J. C. McQUILKIN, Appellant, v. THE POSTAL TELE-GRAPH CABLE CO. (a Corporation), Respondent.

Telegraph Companies—Delay in Delivering Telegram—Action for Damages—Pleading—Insufficiency of Complaint.—In an action against a telegraph company for damages alleged to have been sustained by plaintiff by reason of defendant's neglect to deliver a telegram on time relating to the making of a bid for the furnishing of metal furniture for a university building, by reason of which delay the contract was awarded to the only other bidder, whose bid was higher than that of the plaintiff, a demurrer to the complaint was properly sustained, as the damages sought to be recovered were too remote, section 1438 of the Political Code vesting in the board of regents of the university the power to reject any and all bids for the construction and furnishing of university buildings.

Id.—Damages—When not Recoverable.—The mere probability that a certain event would have happened, upon which a claim of damages is predicated, will not support such claim or furnish the foundation for an action for such damages.

Id.—Delay in Delivering Message—Loss of Contract—Damages.—The damages which are recoverable for the alleged negligence of a telegraph company in not delivering a telegram, the receipt of which on time would have enabled the person to whom it should have been promptly delivered, to make an advantageous contract, must be such damages as would follow as of legal certainty from the negligent act of the company, and not merely those damages the accruing of which would depend upon the act of some third person which might or might not be done.

Id.—Pleading—Certainty of Event—Opinion of Bidder.—The contention that the positive averment in the complaint that the board of regents "would have" awarded the contract to plaintiff was sufficient

to have enabled his case to pass a demurrer and be presented to
the jury, cannot be maintained, as the averment can go no further
than the language of section 1438 of the Political Code, and the
averment is but a pleader's opinion.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Fred L. Dreher, for Appellant.

Richard Bayne, and J. P. Langhorne, for Respondent.

RICHARDS, J.—This is an appeal from a judgment en-
tered after an order sustaining the demurrer to plaintiff's
amended complaint without further leave to amend.

The facts as set forth in the amended complaint are these:
The plaintiff is the exclusive sales agent in California of the
General Fireproofing Company, a corporation having its prin-
cipal place of business at Youngstown, Ohio, and dealing in
the manufacture and sale of metal furniture and filing de-
vices.   By the terms of his agency the plaintiff is authorized
to bid for and enter into contracts for the furnishing of these
forms of equipment upon terms which will net to his prin-
cipal the cost of the production and its profit, to which the
agent was entitled to add the cost of drayage, erection, sales
expenses, and his own commission, in making up the sum of
his bid.   In the month of April, 1912, the board of regents of
the University of California were proposing to equip Agri-
cultural Hall at the University with metal furniture, and to
enter into a contract therefor in the manner provided by
law.   Section 1438 of the Political Code, in defining the pow-
ers and duties of the board of regents in such matters, provides
as follows:  "The construction and furnishing of the buildings
must be let out to the lowest responsible bidder after advertise-
ment for not less than ten days in at least two daily news-
papers published in the city of San Francisco; but the regents
may reject any bid and advertise anew."   During the latter
part of April, 1912, the regents caused to be published in
the manner provided by law a notice calling for sealed bids
for the metal furniture of Agricultural Hall, which bids were
to be opened on the ninth day of May, which was more than

ten days after the first insertion of the advertisement. On
May 8th the board of regents postponed the opening of bids
until May 13, 1912, at 10 o'clock A. M., but made no further
publication of the change of date for the opening of bids,
though both the plaintiff and his principal had notice of the
postponement. On May 11, 1912, at 9:20 o'clock in the fore-
noon, the General Fireproofing Company delivered to the de-
fendant at its office in Youngstown, Ohio, a telegram signed
by it and addressed to the plaintiff at his office in San Fran-
cisco, and reading as follows: ''Berkeley job without glass
or marble $15,200 net to us f. o. b. Berkeley. We understand
that nichelene costs no more than bronze.'' The complaint
alleges that this message was duly transmitted to and received
by the defendant at its San Francisco office on the same day
it was sent at 8:31 o'clock in the forenoon San Francisco
time, but that the delivery of the message to the plaintiff was
negligently delayed until the 13th day of May, 1912, at the
hour of 10:30 o'clock in the forenoon. At the hour of 10
o'clock A. M. of that day the board of regents received and
opened the sealed bids for the metal furniture of Agricultural
Hall. The plaintiff, not having then received the foregoing
telegram, filed a bid on behalf of the General Fireproofing
Company in the sum of twenty-one thousand eight hundred
dollars. Had he been in receipt of said telegram or known of
its contents prior to that time, he avers that his bid would
have been $20,642. The only other bid presented was that of
the Finch Jail Building and Metal Company, which was for
the sum of $21,160. The board of regents awarded the con-
tract to the latter, whereas, according to plaintiff's averment,
had he received said telegram within the reasonable time
within which it should have been delivered, his bid of $20,642
would have been the lowest bid and, as he avers, the board of
regents would have awarded the contract to his principal, in
which case his commission would have been $2,692, which sum
he avers to be the amount of his damage suffered through the
failure and neglect of the defendant to deliver said telegram
on time.

The demurerr to the amended complaint is both general
and special, and it was sustained generally by the trial court.
The respondent relies upon two main points to sustain its posi-
tion upon demurrer and upon this appeal. The first of these
is that the board of regents, having continued over the time

for opening bids from the day fixed by their advertisement without further notice than that already given, had thereby lost jurisdiction over the matter of awarding this contract and that their action in that behalf undertaken on May 13, 1912, was void; that no valid contract could therefore have been made on that day, and hence the plaintiff could have earned no commission, and has therefore suffered no damage. We do not consider it necessary to decide this point urged by the respondent because of our views regarding the second point which the respondent urges, viz., that in any event the damages alleged to have been sustained by plaintiff and appellant are too remote. We think the contention of the respondent in this behalf must be sustained.

Section 1438 of the Political Code above cited, which authorizes the board of regents to let contracts for the construction and furnishing of the university buildings, while it requires that such contracts must be let to the lowest responsible bidder, also provides that the regents "may reject any bid and advertise anew." It is true that in the case in hand the regents did in fact let the contract to the other bidder, its bid being the lowest at the time; but this the regents were not bound to do, nor would they have been bound to award the contract to the plaintiff's principal had its still lower bid been in. The utmost that can be said or properly pleaded, in view of the statute, is that the board of regents might and probably would have awarded the contract in question to the plaintiff's principal had its telegram been duly delivered and its lower bid presented in time. But the courts have held strictly to the rule that the mere probability that a certain event would have happened, upon which a claim of damages is predicated, will not support such claim nor furnish the foundation for an action for such damages. The damages which are recoverable for the alleged negligence of a telegraph company in not delivering a telegram, the receipt of which on time would have enabled the person to whom it should have been promptly delivered, to make an advantageous contract must be such damages as would follow as a legal certainty from the negligent act of the company, and not merely those damages the accruing of which would depend upon the act of some third person which might or might not be done. The rule in this respect is well stated in the case of *Johnson* v. *Western Union Tel. Co.,* 79 Miss. 58, [89 Am. St.

Rep. 584, 29 South. 787], in which the court says: "The damages for failure to deliver a telegram are too remote and uncertain to admit of recovery where, if it had been received. it only gave the plaintiff an opportunity to make a contract for railroad construction which he might not have made." In the case of *Beatty L. Co.* v. *Western Union Tel. Co.,* 52 W. Va. 410, [44 S. E. 309], the court, in an action where damages were sought to be recovered for the failure of the telegraph company to send or deliver a proposal to sell lumber, says: "The failure of the telegraph company did not cause the breach of a consummated contract. It only prevented one which might or might not have been made." See, also, *Western Union Tel. Co.* v. *Adams Machine Co.,* 92 Miss. 849, [47 South. 412]; *Western Union Tel. Co.* v. *Hall,* 124 U. S. 444, [31 L. Ed. 479, 8 Sup. Ct. Rep. 577].

The cases relied upon by appellant as apparently laying down a different doctrine, when carefully examined, will not be found to state a rule in conflict with that above set forth, for they only go so far as to hold that where the plaintiff's own action or inaction, in making a purchase or entering into a contract is directly affected by the nondelivery of a telegram, and detriment results, damages may be recovered; but none of the cases cited by appellant go so far as to hold that damages are recoverable when the failure to make a particular contract to which the telegram relates is not the direct and necessary result of the delay in its delivery, for the reason that the discretion of a third person to make or not to make the contract intervenes. In every such case to which our attention has been directed the damages have been held to be too contingent and remote to form the basis of an action. In the case of *Blagen* v. *Thompson,* 23 Or. 239, 254, [18 L. R. A. 315, 31 Pac. 647], the distinction to be drawn between the two lines of cases on this subject is thus set forth: "The rule that damages which are uncertain and contingent cannot be recovered does not embrace an uncertainty as to the value of the benefit or gain to be derived from the performance of the contract, but an uncertainty or contingency as to whether such gain or benefit would be derived at all. It only applies to such damages as are not the certain result of the breach, but not to such as are the certain result but are uncertain in amount." It is the appellant's contention, however, that his positive averment that the board of regents "would have"

awarded his principal the contract is sufficient to have enabled his case to pass the demurrer and be presented to a jury. But it must be evident that the plaintiff's averment in this regard can go no farther and be no stronger than the language of the Political Code above cited will permit; and that his allegation in that regard is but a pleader's opinion, for it cannot be said as a legal certainty that the board of regents would have awarded the contract according to the plaintiff's desire when the statute has left them the uncontrollable discretion to reject any bid. In our opinion, therefore, the plaintiff's amended complaint did not and could not state sufficient facts to constitute a cause of action, and hence the demurrer to it was properly sustained.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.