[Civ. No. 5677. First Appellate District, Division Two.—February 8, 1927.]

PETER McKENRY, Appellant, v. WESTERN UNION TELEGRAPH COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—LIABILITY OF TELEGRAPH COMPANY—BREACH OF CONTRACT—DAMAGES.—In this action against a telegraph company for damages for failure to deliver a telegram, the pleaded facts showed that there was a breach of contract on the part of defendant and that plaintiff, the sendee, was entitled to recover, in an action sounding in tort, all damages he sustained from defendant's breach of contract provided such damages were not too remote and were capable of being ascertained with sufficient certainty.

[2] ID.—SPECIAL CIRCUMSTANCES—KNOWLEDGE — PLEADING. — In such an action, where it is claimed the circumstances show that a special purpose was intended to be accomplished (a failure to accomplish which would cause greater damage than would ordinarily follow from a breach by defendant), the facts showing such special purpose and the knowledge of defendant must be averred.

[3] ID. — KNOWLEDGE OF TELEGRAPH COMPANY — EXTRINSIC FACTS — PLEADING.—In such an action, the court will consider everything contained on the face of the message and likewise all proper averments contained in the plaintiff's pleading, showing or tending to show what facts were brought to the attention of the defendant or its agent at the time that the message was delivered to it for transmission; and where the complaint does not contain any allegations to the effect that any extrinsic fact was called to the attention of the agents of the defendant, plaintiff's rights are to be ascertained from what appeared on the face of the telegram.

[4] ID.—INTERPRETATION OF TELEGRAM.—Where a telegram is free and clear of ambiguities, in an action for damages for failure to deliver same the plaintiff is not entitled to resort to usage and custom or any other rules aiding in the interpretation of written instruments.

1. Measure of damages for failure to deliver telegram, notes, 10 Am. St. Rep. 778; 117 Am. St. Rep. 286. Addressee's right to sue for failure to deliver telegram, notes, 2 Ann. Cas. 398; 13 Ann. Cas. 356. See, also, 26 R. C. L. 602; 24 Cal. Jur. 503.

3. When telegraph company charged with notice of importance of commercial message, note, 41 L. R. A. (N. S.), 1188. See, also, 26 R. C. L. 603–605.

[5] Id. — Inquiry as to Acceptance of Position — Nondelivery — Proximate Results.—When a telegraph message is a mere inquiry as to whether the addressee desires or will accept a position of employment, a nondelivery or delay cannot be said to be the natural and proximate cause of a failure to obtain such employment.

[6] Id.—Unknown Special Meaning—Special Damages. — Where a telegram on its face appears to be merely an inquiry as to whether the addressee desires or will accept a position of employment, and the real meaning of such message is an unconditional offer of employment at a stated salary, but such special meaning is not brought to the attention of the telegraph company or its agents, the telegraph company is not liable to the addressee for special damages for failure to deliver such message.

---

(1) 37 Cyc., p. 1750, n. 6, 7, p. 1756, n. 36, 37.   (2) 37 Cyc., p. 1725, n. 91, p. 1750, n. 8.   (3) 37 Cyc., p. 1725, n. 91, p. 1751, n. 9.   (4) 37 Cyc., p. 1737, n. 2.   (5) 37 Cyc., p. 1766, n. 34.   (6) 37 Cyc., p. 1752, n. 16, 20.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing, Wild & Everts and Dan F. Conway for Appellant.

Beverly L. Hodghead and Francis R. Stark for Respondent.

STURTEVANT, J.—To the plaintiff's second amended complaint the defendant interposed a demurrer which was general and special. The trial court sustained the demurrer without leave to amend. Thereafter a judgment of dismissal was entered. From that judgment the plaintiff has appealed, bringing up the judgment-roll.

The plaintiff duly pleaded the incorporation of the Western Union Telegraph Company, etc. It also pleaded that the Oakland Association, Incorporated, was a corporation which owns and operates the Oakland Baseball Club and that said club is a member of the Pacific Coast Baseball

---

5.   Liability of telegraph company for failure to deliver message containing an offer of contract, notes, Ann. Cas. 1914C, 208; Ann. Cas. 1915D, 223; Ann. Cas. 1918D, 741.

League.   Continuing, the allegations of the plaintiff's plead-
ing are as follows:

"That on the 8th day of June, 1925, said Oakland Asso-
ciation, Inc., a corporation, wrote and delivered to the de-
fendant at defendant's office in said city of Oakland, a tele-
graphic message addressed to plaintiff herein at Fresno,
California, which said message was in the words and figures
following, to-wit:

"'Oakland, Calif., June 8, 1925.

"'Pete McKenry, Baseball Pitcher.

"'Fresno, Calif.   (Personal)

"'If free to sign, wire terms to Oakland Baseball Club.

"'G. E. Howard.'

"That thereafter said defendant demanded and received
of the said Oakland Association, Inc., a corporation, the sum
of thirty-two (32) cents lawful money of the United States
for the transmission and delivery of said message to the said
plaintiff herein at Fresno, California, in due course and the
said defendant at the time of the filing of said message
agreed with the said Oakland Association, Inc., a corporation,
in consideration of said money so paid to forward the said
message at once and to deliver the same to plaintiff in this
action in the usual course of business; that at said time
plaintiff was well known in and around the city of Fresno,
county of Fresno, state of California, and his residence and
headquarters were within a distance of two miles of the
main office of defendant in the city of Fresno, as the agents
and employees of the defendant corporation in the city of
Fresno, county of Fresno, state of California, well knew.

"That said defendant carelessly and negligently failed
and neglected to forward or deliver said message to the ad-
dress thereof and the said message was not delivered to or
received by the plaintiff in this action, whereas the same in
the ordinary course of prompt transmission and delivery
should have been delivered to plaintiff as aforesaid on ·the
8th day of June, 1925.

"That according to the usage and custom of baseball clubs
in said Pacific Coast Baseball League said telegram con-
stituted an unconditional offer to employ plaintiff; that said
Oakland Baseball Club had decided to employ plaintiff and
to pay him for said services the sum of six hundred dollars
($600) per month from the 8th day of June, 1925, to the

18th day of October, 1925, and said plaintiff herein was at all times cognizant of said custom and usage and was ready, able and willing to accept said employment at said sum of six hundred dollars ($600) per month from the 8th day of June, 1925, to the 18th day of October, 1925, and that said plaintiff was at said times a free agent according to the terms and meaning of said telegram; that if plaintiff had received said telegram from the Oakland Association, Inc., a corporation, in due course there would have been a contract entered into by and between the said plaintiff and the said Oakland Association, Inc., a corporation, immediately whereby the said plaintiff would have been employed as a pitcher by the Oakland Association, Inc., a corporation, from the 8th day of June, 1925, to and including the 18th day of October, 1925, at a salary of six hundred dollars ($600) per month.

"That plaintiff is and was at all times herein mentioned a professional baseball pitcher of recognized ability and would have accepted said salary of six hundred dollars ($600) per month for the term aforesaid had said telegram been delivered to him in due course, all of which said Oakland Association, Inc., a corporation, well knew.

"That during the period intervening between the 8th day of June, 1925, up to and including the 18th day of August, 1925, plaintiff was temporarily employed as a baseball pitcher by the Fresno Baseball Association at a salary of one hundred fifty dollars ($150) per month under an agreement with said Association providing that plaintiff could terminate said employment at will; that on the 18th day of August, 1925, the Oakland Association, Inc., a corporation, accidentally got in touch with the said plaintiff in this action and that the said Oakland Association, Inc., immediately employed said plaintiff at a salary of four hundred fifty dollars ($450) per month for a period from the 18th day of August, 1925, to and including the 18th day of October, 1925; that the said Oakland Association, Inc., a corporation, was at the time of the filing of said telegram herein set forth and referred to, a strong contender for the pennant in the Pacific Coast League, an organization of baseball clubs, of which the said Oakland Association, Inc., was a member, operating in the Pacific Coast States; that the reason for the employment of the plaintiff by the Oakland

Association, Inc., a corporation, at the sum of four hundred fifty dollars ($450) per month in lieu of six hundred dollars ($600) per month as aforesaid, was due to the fact that on the 18th day of August, 1925, the pennant race in the Pacific Coast Baseball League was practically over so far as the Oakland Baseball Club was concerned, as said Oakland Baseball Club was eliminated as a contender therein; that by reason of the said carelessness, negligence and failure of the said defendant as aforesaid to deliver the said telegram this plaintiff has been damaged in the sum of thirteen hundred and fifty dollars ($1,350)."

[1] From the facts pleaded it may be conceded that there was a breach of contract on the part of the defendant and that the plaintiff, the sendee, is entitled to recover, in an action sounding in tort, all damages he sustained from the defendant's breach of contract provided such damages are not too remote and are capable of being ascertained with sufficient certainty. (*Kenyon* v. *Western Union Tel. Co.,* 100 Cal. 454 [35 Pac. 75].) The plaintiff's complaint properly sounds in tort, but the measure of his recovery is as stated above. (*M. M. Stone & Co.* v. *Postal Telegraph Cable Co.,* 35 R. I. 498 [46 L. R. A. (N. S.) 180, 87 Atl. 319]; *Frazier* v. *Western Union Tel. Co.,* 45 Or. 414 [2 Ann. Cas. 396, 67 L. R. A. 319, 78 Pac. 330].) Primarily the first element of those damages is the amount paid for the transmission of the telegram. (37 Cyc. 1750.) However, in the instant case the plaintiff's pleading avers that the cost of sending the telegram was paid by the sender and this plaintiff has not in his prayer asked to recover that sum; nor is the question as to the liability of the defendant to repay the cost of the transmission presented or argued in the briefs. [2] In 1854 the leading case, *Hadley* v. *Baxendale,* 9 Exch. (Eng.) 341, was decided. In *Mitchell* v. *Clarke,* 71 Cal. 163 [60 Am. St. Rep. 529, 11 Pac. 882], in writing the opinion, Mr. Justice McKinstry referred to the Hadley case and then he said: "When reference is made to the terms of the contract alone, there is ordinarily little difficulty in determining what damages arise from its breach in the usual course of things, and the parties will be presumed to have contemplated such damages only. But where it is claimed the circumstances show that a special purpose was intended to be accomplished by one of the parties (a failure

to accomplish which by means of the contract would cause him greater damage than would ordinarily follow from a breach by the other party), and such purpose was known to the other party, the facts showing the special purpose and the knowledge of the other party must be averred. This rule has frequently been applied to the breach of a contract for the sale of goods to be delivered at a certain time. In such cases the general rule of damages is fixed by reference to the market value of the goods at the time they were to have been delivered, because in the usual course of events the purchaser could have supplied himself with like commodities at the market price. And if special circumstances existed entitling the purchaser to greater damages for the defeat of a special purpose known to the contracting parties (as, for example, if the purchaser had already contracted to furnish the goods at a profit, and they- could not be obtained in the market), such circumstances must be stated in the declaration with the facts which, under the circumstances, enhanced the injury. (1 Sutherland on Damages, 764.)'' The rule so stated for estimating damages has frequently been cited and followed in this state. As applicable to a case based on the failure to deliver a telegram, we are not aware of the principle having been in terms applied by any decision in this state. As early as 1887 the supreme court of the United States applied the rule in *Hadley* v. *Baxendale* in such a case (*Western Union Tel. Co.* v. *Hall*, 124 U. S. 444 [31 L. Ed. 479, 8 Sup. Ct. Rep. 577, see, also, Rose's U. S. Notes]), and that court has done so in other cases. (*Primrose* v. *Western Union Tel. Co.*, 154 U. S. 1 [38 L. Ed. 883, 14 Sup. Ct. Rep. 1098].) The same rule has been followed in the same line of cases in nearly all of the jurisdictions in America. (*Clark Mfg. Co.* v. *Western Union Tel. Co.*, 152 N. C. 157 [27 L. R. A. (N. S.) 643, 644, 67 S. E. 329].) [3] Following that rule, it is patent that the courts will consider everything contained on the face of the message and likewise all proper averments contained in the plaintiff's pleading, showing or tending to show what facts were brought to the attention of the defendant or its agents at the time that the message was delivered to it for transmission. The plaintiff's amended complaint does not contain any allegations to the effect that any extrinsic fact was called to the attention of the agents of the defendant. His rights are therefore to be

ascertained from what appeared on the face of the telegram. [4] The telegram was free and clear of ambiguities or it was not. If we assume for the moment that it was free and clear of ambiguities, then the plaintiff was not entitled to resort to usage and custom or any other rules aiding in the interpretation of written instruments. "Where the terms are plain and certain, . . . the court will be guided by the language used and construe the intention of the parties to have been in accordance with their agreement." (*Pierce* v. *Merrill*, 128 Cal. 464, 472 [79 Am. St. Rep. 56, 61 Pac. 64].) As so construed, the telegram was a mere step in negotiations and an inquiry as to whether the plaintiff would accept employment, and if so on what terms. [5] When a message is a mere inquiry as to whether the addressee desires or will accept a position of employment a nondelivery or delay cannot be said to be the natural and proximate cause of a failure to obtain such employment. (37 Cyc. 1766; *McQuilkin* v. *Postal Tel. Cable Co.*, 27 Cal. App. 698, 701 [151 Pac. 21].)

[6] However, it is made plain by the plaintiff's pleading that he contends from the facts known to him that the telegram was in effect as follows: "Oakland Baseball Club unconditionally offers to employ you as pitcher $600 per month June eighth to October eighteenth, 1925 wire acceptance." Assuming, solely for the purposes of this case, that such was the meaning of the message, the ruling of the lower court is correct. As the liability of a telegraph company for special damages rests on the fact that it has not taken such precautions as the facts brought to its attention called upon it to take, such companies are not liable when the message sent is worded in a private cipher or when the language is very obscure and unintelligible because such language gives no information to the defendant or its agents. (37 Cyc. 1752.) Applying that principle to the appellant's contention regarding the meaning of the message involved in the instant case, it is patent that the meaning claimed by the appellant is almost the reverse of the actual words used in the message. Under these circumstances it is quite clear that the face of the message did not bring to the attention of the defendant any special circumstances which would warrant the courts in awarding special damages against the defendant. It follows that the

plaintiff was not entitled to recover any sum on the face of his pleading as it was written.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.