[Civ. No. 19034. First Dist., Div. Two. Aug. 4, 1960.]

ELAINE WALKER, Respondent, v. PACIFIC INDEMNITY COMPANY (a Corporation) et al., Defendants; GEORGE ROBERT FULMORE, Appellant.

514

Bert W. Levit, David C. Bogert, Herbert G. Hawkins and Long & Levit for Appellant.

Dilley & Eymann and Kenneth Eymann for Respondent.

DRAPER, J.—When does a cause of action accrue against an insurance broker who negligently secures automobile liability insurance in an amount less than that ordered by the car owner? That is the sole question presented by this appeal.

On March 17, 1952, one Merrill ordered an insurance policy covering operation of his logging truck with limits up to $50,000 for bodily injury to one person. Defendant Fulmore, Merrill's broker, accepted the order but secured a policy with limits of only $15,000. On July 9, 1952, Merrill's truck collided with an automobile, causing injury to Elaine Walker. Shortly thereafter, an action was filed by Mrs. Walker against Merrill seeking damages of more than $100,000 for such injuries. This action was tried before a jury, which, on December 16, 1955, returned a verdict for $100,000. The insurer, Pacific Indemnity Company, paid $15,000 plus costs and interest, on account of the ensuing judgment.

Merrill assigned his claim against the broker, Fulmore, to Mrs. Walker who, on December 14, 1956, brought this action alleging that Fulmore "negligently and carelessly" procured coverage of $15,000 rather than $50,000. The insurer was joined on the theory that Fulmore, as its agent, had obligated it to issue the larger policy. Judgment upon jury verdict was against Fulmore for $35,000 but in favor of the insurer. Plaintiff did not appeal from the latter judgment, and Pacific Indemnity Company therefore is not a party to this appeal. Fulmore does appeal from the judgment against him.

Appellant pleaded Code of Civil Procedure, sections 337, 338 and 339, in bar of the action. He demurred, moved for judgment on the pleadings, for nonsuit and for directed verdict, all on the ground of the statute of limitations. All were determined adversely to him. He asserts the bar of the statute as his sole ground of appeal.

 This case presents no problem as to what period of limitation applies. Defendant-appellant contends that the cause of action accrued March 17, 1952, when he procured for Merrill a policy having limits of $15,000 rather than $50,000, or, at the latest, on July 9, 1952, when the accident occurred. Plaintiff argues that the cause of action accrued December 16, 1955, when the verdict for $100,000 was returned. If defendant is correct, this action was brought too late under any of the pleaded statutes, some one of which concededly applies. If plaintiff is correct, the action is within the time under any of the periods of limitation. Thus the only question is when some statute of limitations began to run.

The parties agree that both wrong or breach of duty and injury or damage are essential to the accrual of a cause of action. There is no dispute that the wrong here occurred

March 17, 1952, when defendant "negligently and carelessly" procured a policy with limits of $15,000, rather than $50,000.

But was there any injury or damage then? We think not. It is true that Merrill then received less than he had ordered. But it is difficult to conceive what action he could then have brought. Complaint for defendant's negligent failure to procure additional coverage would, in view of the ready availability of automobile insurance, have been demurrable (1 Cal.Jur.2d, Actions, § 16). Until an accident occurred, bodily injury was inflicted on another, and a liability in excess of the $15,000 coverage incurred, there was no injury to Merrill in the absence of possible special facts which do not appear here.

After occurrence of the accident, Merrill obviously could no longer insure against that contingency. When the complaint in the personal injury action was filed (at a date not disclosed in the record before us) he knew only that he was exposed to a liability in excess of $15,000. It is true that he had then suffered a loss of security or protection, but whether that loss would constitute any ultimate injury or damage remained to be determined. Unless he showed that his credit rating was adversely affected by the mere existence of the unindemnified liability, or that some other special situation imposed present damage, he had not yet suffered a loss which would sustain an action against the broker. It is perhaps true that he could have filed an action for declaratory relief, but a principal function of that statutory relief is to permit declaration of rights and duties before actual loss occurs. Hence it cannot be said that a right to declaratory relief shows the accrual of a cause of action in the sense of commencing the running of a statute of limitations.

At that stage, Merrill had incurred no recoverable loss. He had merely suffered an exposure to liability beyond his insurance coverage—a mere possibility that he might suffer liability beyond the indemnity afforded him. The lesser coverage afforded him defense of the claim against him, and he was not injured by being required to provide or incur liability for such defense. Beyond this right to be defended, his insurance policy was a mere indemnity agreement, a contract to pay a liability which might be imposed upon him. Whether a deficiency in the amount of that indemnification injured him depended wholly upon determination of the amount of liability to which the indemnity applied. Whether liability would be imposed, and if so, whether it would result in loss

by exceeding his indemnification, was to be determined by the uncertainties of the personal injury litigation.

Appellant suggests no action which plaintiff could have brought against the broker before that determination, save one for nominal damages. ██ But the mere possibility that one will be required to pay damages to a third party does not warrant even nominal damages (*Pacific Pine Lumber Co.* v. *Western Union Telegraph Co.*, 123 Cal. 428, 431 [56 P. 103]). Further, a judgment for mere nominal damages would, whether in the superior court or the municipal court, carry costs only in the discretion of the trial court (Code Civ. Proc., §§ 1032, subd. (d), 1031). Since no permanent right would have been involved, failure to award mere nominal damages would not be reversible error (*Sweet* v. *Johnson*, 169 Cal.App.2d 630, 633-634 [337 P.2d 499]). ██ Thus an action for mere nominal damages would have been at best illusory, and cannot be held to start the running of the statute of limitations.

██ It is clear that mere possibility, or even probability, that an event causing damage will result from a wrongful act does not render the act actionable (*Pacific Pine Lumber Co.* v. *Western Union Telegraph Co.*, *supra*, 123 Cal. 428; *McQuilkin* v. *Postal Tel. Cable Co.*, 27 Cal.App. 698, 703 [151 P. 21]; and see *McGregor* v. *Wright*, 117 Cal.App. 186, 196-197 [3 P.2d 624]). ██ Of course, it is uncertainty as to the fact of damage, rather than its amount, which negatives the existence of a cause of action (*Allen* v. *Gardner*, 126 Cal.App.2d 335, 340 [272 P.2d 99]; *Milton* v. *Hudson Sales Corp.*, 152 Cal.App.2d 418, 434 [313 P.2d 936]). In the case at bar, the fact of any damage at all was completely uncertain until judgment in the personal injury action.

██ Also significant are decisions holding that, in specific situations where the existence of actual loss is determinable only by judgment, the statute of limitations is tolled at least for the period required for determination on appeal (*County of Santa Clara* v. *Hayes Co.*, 43 Cal.2d 615 [275 P.2d 456]; *Burns* v. *Massachusetts etc. Ins. Co.*, 62 Cal.App.2d 962 [146 P.2d 24]; *Archer* v. *Edwards*, 19 Cal.App.2d 253 [65 P.2d 115]).

Defendant-appellant cites cases holding that: an action for malicious levy of execution accrues when the levy is made, rather than when judgment enjoining the execution is entered (*Wood* v. *Currey*, 57 Cal. 208); an action upon negligent report of title accrues when the report is made,

rather than when the title is quieted in the true owner (*Lattin* v. *Gillette,* 95 Cal. 317 [30 P. 545, 29 Am.St.Rep. 115]) ; an action against a sheriff for negligent publication of notice of sale under execution accrues when the sheriff's certificate of sale is issued, and not when the purchaser's quiet title action resulted in a decree that he had no title (*Medley* v. *Hill,* 104 Cal.App. 309 [285 P. 891]). Similarly, an action against an escrow holder accrues when he negligently pays escrowed funds to the wrong person (*Shumaker* v. *Rippy,* 138 Cal.App.2d 815 [292 P.2d 536]) ; and an action against an attorney for negligent representation of his client accrues when the negligence occurs (*De Garmo* v. *Luther T. Mayo, Inc.,* 4 Cal.App.2d 604 [41 P.2d 366]).

None of these decisions is determinative of the case at bar. In each, a clear and definite loss accrued at the time the cause of action was held to have accrued. In those in which legal proceedings followed the breach of duty but preceded the action for such breach, the intervening proceedings served to make clear the measure of the loss, but a loss sufficiently substantial to support an action accrued when the duty was breached.

Much more closely analogous to our case is the decision principally relied upon by defendant (*Lewis* v. *Security-First National Bank,* 58 Cal.App.2d 827 [137 P.2d 864]). There plaintiff borrowed money from defendant bank to be used in construction of a building. Some four months later the building was completed, and more than three years thereafter it was destroyed by fire. Plaintiff then sued the bank, alleging that, at the time of the loan, it had orally agreed to procure fire insurance on the building in the amount of the loan, $4,000. Plaintiff sought judgment for that amount. Demurrer to the complaint, upon the ground that the statute of limitations had run, was sustained without leave to amend. Judgment dismissing the action was affirmed upon the ground that the cause of action was for breach of the bank's oral contract to procure insurance, and accrued not later than the date of completion of plaintiff's building on the property covered by the bank's deed of trust. Thus the action was barred by the two-year statute.

It is difficult to distinguish Lewis from the case at bar. However, in Lewis the bank was neither licensed nor engaged in the business of insurance brokerage, whereas defendant Fulmore is alleged to be a "licensed insurance agent." Also, the question whether the fire insurance was to be procured only for the benefit of the bank, to protect its security, is not

discussed, and the opinion does not disclose whether the loan remained unpaid at the time of the fire. Admittedly, these distinctions are somewhat thin. However, we elect not to extend the rather harsh rule of Lewis beyond the precise facts there presented.

 In our case, the shortage of liability insurance coverage exposed plaintiff's assignor, the insured, to possible liability in excess of his indemnification. But exposure to and imposition of liability are vastly different matters. Until judgment in the personal injury action, no liability was imposed upon the insured as to which he could allege a cause of action against the broker from whom he had ordered indemnity in excess of that furnished. While special circumstances might have created a cause of action before that judgment, none are before us on this appeal.

Judgment affirmed.

Kaufman, P. J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.