[No. 12915.   In Bank.—December 31, 1888.]

JOHN T. MORGAN ET AL., EXECUTORS OF MARY J. LONES, DECEASED, APPELLANTS, v. HENRY A. LONES, RESPONDENT.

COMMUNITY PROPERTY—TOWN-SITE ACTS.—Where after marriage the husband enters into possession of public land under deeds from prior occupants, and subsequently the land is conveyed by the government to the corporate authorities of a town in trust for the inhabitants, and the husband makes application to the corporate authorities for a conveyance of the lots to his wife, and pays the necessary fees therefor, and the property is conveyed accordingly, it is not the separate property of the wife.

ID.—DECLARATION OF THE HUSBAND IN THE APPLICATION—ESTOPPEL.— The fact that the husband declares in his application to the corporate authorities that his wife is "the owner" of the property does not estop him from afterwards maintaining that the property was not the separate property of his wife,—such declaration not having been made for the purpose of deceiving her, and she not having been induced to take action thereon.

ID.—COMMUNITY PROPERTY—PRESUMPTION—GIFT.—The presumption is, that property acquired by purchase during marriage is community property, and the party who claims that it is separate property must prove it to be such by clear and satisfactory evidence.

APPEAL from a judgment of the Superior Court of Nevada County.

In this case several different lots were sued for. The land was public land. But the wife was in possession of some of the lots under conveyances made to her by prior occupants before her marriage with the defendant. For these lots judgment was given in favor of the plain-

tiff. The other lots were conveyed by prior·occupants to the husband after the marriage. For these lots judgment was given in favor of the defendant. The present appeal was by the plaintiff, and relates to the latter lots. The other facts are stated in the opinion.

*Caldwell & Little,* for Appellants.

*Cross & Simonds,* for Respondent.

HAYNE, C.—Action to quiet title to certain lots in Nevada City. The court below gave judgment in favor of the plaintiffs as to a portion of the lots, and in favor of the defendant as to the remainder. The plaintiffs appeal from so much of the judgment as is in favor of the defendant.

The decision turns upon the question whether the lots as to which defendant obtained judgment were the community property of the defendant and his wife, Mary J. Lones, or her separate property. The facts are as follows: The marriage took place in 1861. At that time and up to the issuance of the United States patent to the city trustees in July, 1869, the land was public land. After the marriage the defendant entered into possession under deeds from prior occupants. In this condition of affairs a patent from the United States government to the board of trustees of the city was issued under the following provision of the act of Congress of 1867, viz.: "Whenever any portion of the public lands have been or may be occupied as a town site, not subject to entry under the agricultural pre-emption laws, it is lawful, in case such town be incorporated, for the corporate authorites thereof, and if not incorporated, for the judge of the county court for the county in which such town is situated, to enter at the proper land-office, and at the minimum price, the land so settled and occupied, in trust for the several use and benefit of the occupants thereof, according to their respective interests; the

execution of which trust as to the disposal of the lots in such town and the proceeds of the sale thereof to be conducted under such regulations as may be prescribed by the legislative authority of the state or territory in which the same may be situated." (R. S., sec. 2387; 14 U. S. Stats. at Large, p. 541.)

The mode of acquiring the title from the corporate authorities was prescribed (at the time in question) by the state legislature by the act of March 24, 1868. (See Laws 1867–68, p. 487; Deering's Pol. Code, p. 720.) Under its provisions the husband filed with the clerk of the board of city trustees an affidavit sworn to by himself, in which he stated, among other things, that his wife was "the owner of the lot," and that he, the affiant, was "in possession of and entitled to the possession of the same against all other persons, to the best of affiant's knowledge and belief, excepting Mrs. Mary-J. Lones, in whose name affiant wishes the deed to be made." The affidavit as to each lot is substantially the same. The required payment is stated by the findings to have been made by the husband "out of his own separate estate." What the husband said in his evidence in regard to this was: "I paid my own money for them." But for the purposes of this appeal, it is immaterial whether the payment was made out of *his* separate property or out of the community property; as it is not contended that the property was the separate property of the husband. The deed from the city-trustees was made to the wife in December, 1870, and she died in 1887.

We think that the property was not the separate property of the wife. In any view that can be suggested, it was not "acquired" until after the marriage. And it was acquired by purchase. The possessory title was purchased by the husband after marriage. And the acquisition from the government also was by purchase. The grant from the government was on generous terms, the entry by the city being "at the minimum price."

Still there was a price; and it had to be paid before the beneficiaries could get their deeds. The transaction, therefore, cannot be considered as a gift from the government. And the price was not paid out of the separate property of the wife. Such being the case, unless there is some special circumstance taking the case out of the general rule, the property (if not the separate property of the husband) would at least be community property. It would not be the separate property of the wife.

The argument against this conclusion is founded upon the statement in the affidavits filed by the husband upon the application for the city deed. It is said in the first place that the statement in said affidavits that the wife was "the owner" operated as an estoppel against the husband. It is to be observed that this position is not that the city *deed* constituted an estoppel, independent of the declaration of the husband. Such a position could not be maintained. For, aside from any other reason, the act of the state legislature (as it then stood) expressly provided that "no conveyance as to any such lands, made as in this act provided, shall be deemed to conclude the rights of third persons." (Sec. 9.) And the provision that "no action shall be maintained " unless brought within two years is a period of limitation applicable to suits brought by third persons. The position is, that the declaration itself constituted an estoppel. But it was not made to the wife or for the purpose of deceiving her, and it does not appear that it did deceive her, or induce her to take any action upon it; hence there was no estoppel. (*Reynolds* v. *Lounsbury*, 6 Hill, 536; *Moore* v. *Boyd*, 74 Cal. 167; *Boggs* v. *Merced Mining Co.*, 14 Cal. 279.) The case of *Harris* v. *Harris*, 71 Cal. 314, is not in conflict with this conclusion. There the land was acquired by pre-emption. And, so far as this aspect of the case is concerned, the decision was founded upon an express provision of statute that it must be shown that the pre-emptor had not " directly or

*indirectly* made any agreement, in any way or manner, with any person whatsoever, by which the title which he might acquire from the government of the United States should inure, in whole or in part, to the benefit of any person except himself." (Act of 1841, Rev. Stats., sec. 2262.) The husband had consented (either expressly or impliedly) to the use of the community funds; and the court said that in view of such consent, to give him a right because of the use of said funds would amount to an indirect agreement, which would be " in violation of the spirit and letter of the pre-emption law." There is no such provision in the town-site act under consideration. And that is the distinction between the two cases in this regard.

But it is urged, in the second place, that the statement in the affidavits shows that there was a gift from the husband to the wife. If it had appeared that there was an intention to give on the part of the husband, the case would fall within the rule laid down in *Higgins* v. *Higgins,* 46 Cal. 263. But it is not found that there was any such intention; and aside from the affidavits above mentioned, there is no evidence on the subject.

And we do not think that the naked statement in the affidavits shows that there was such intention. It may be that the husband desired the property to stand in the name of his wife for other reasons. Or (in view of the fact that the wife also had lots for which a city deed was to issue) it may be that a single application was made in order to save the trouble of making out two sets of · papers. The presumption is, that property acquired by purchase during marriage is community property; and the party who claims that it is separate property must prove it to be such by clear and satisfactory evidence. (*Smith* v. *Smith,* 12 Cal. 216; 73 Am. Dec. 533; *Meyer* v. *Kinzer,* 12 Cal. 247; *Ramsdell* v. *Fuller,* 28 Cal. 42; 87 Am. Dec. 103.) The statement in the affidavits is not sufficient to overcome this presumption.

The other matters do not, in our opinion, require special notice.

We therefore advise that the judgment appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons in the foregoing opinion, the judgment is affirmed.