[S. F. No. 2699.   Department Two.—May 16, 1904.]

## FRANK BOLLINGER, Respondent, v. W. C. WRIGHT, Administrator, etc., Appellant.

HUSBAND AND WIFE—COMMUNITY PROPERTY—BENEFIT CERTIFICATE PAY-
    ABLE TO WIFE—CONSIDERATION—INVESTMENT OF PROCEEDS.—Where
    a benefit certificate of the brother of a wife was made payable
    to her, not as a gift, but in consideration of the care and support
    by the husband and wife of the brother's children, and in satisfac-
    tion of indebtedness of the brother to the husband, and of the
    payment of future assessments by the husband upon the certificate,
    and the proceeds of the certificate were invested in real estate
    in the wife's name, prior to the amendment of 1893 to section 164
    of the Civil Code, the property thus acquired became community
    property.

ID.—DEED TO HUSBAND AND WIFE—PRESUMPTION OF TENANCY IN COM-
    MON—REBUTTAL.—Where the property standing in the wife's name
    was sold, and other property thereafter acquired with the proceeds
    thereof, and the deed thereof was executed after the amendment
    of 1893 to section 164 of the Civil Code to the husband and wife
    jointly, the presumption that a tenancy in common was created
    thereby is not conclusive, but may be rebutted by proof showing that
    the entire property was community property.

ID.—ESTATE OF DECEASED WIFE—COMMUNITY PROPERTY NOT SUBJECT
    TO ADMINISTRATION.—Upon the death of the wife the community
    property belongs to the husband without administration, and the
    estate of the deceased wife has no interest therein.

ID.—ACTION BY HUSBAND TO QUIET TITLE—COMPETENCY OF HUSBAND AS
    WITNESS.—In an action by the husband to quiet title to the land
    jointly conveyed to him and his deceased wife against the adminis-
    trator of her estate, as being community property belonging to the
    husband, and not to the estate, the husband is competent to testify

[1] 95 Am. Dec. 543.                    [2] 83 Am. St. Rep. 338.

to the facts and circumstances showing the consideration paid for property which formerly stood in the name of the wife, and also for the property in controversy.

ID.—PETITION FOR LETTERS—HUSBAND NOT ESTOPPED.—The filing of a petition by the husband for letters of administration upon the wife's estate, in which he stated both that the wife had an interest in the property in controversy, and also that the property was community property, does not estop the husband from claiming the entire property as community property in the action brought by him to quiet title thereto against the administrator.

ID.—EVIDENCE—DECLARATIONS OF WIFE.—The declarations of the wife, made while the husband and wife were in possession of the property purchased in her name with the proceeds of the benefit certificate, that she was the owner of the property, are not against her interest, and are not admissible in favor of her administrator nor against the husband.

ID.—CONDITION OF WIFE'S ESTATE—1MMATERIAL OMISSION IN FINDINGS.—Where the court found that the property in controversy was community property and quieted the husband's title thereto, the omission of the court to find upon an averment of the answer of the administrator, that the estate of the deceased wife had creditors, and that claims had been allowed against her estate, is immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The main facts are stated in the opinion. The deed to the Jackson-Street property was executed to Mourning E. Bollinger June 7, 1887, by a bargain-and-sale deed from Samuel Goldthwaite.

Moses G. Cobb, for Appellant.

Leon Samuels, for Respondent.

COOPER, C.—Action to quiet title. Plaintiff recovered judgment. This appeal is by defendant from the judgment and order denying his motion for a new trial. The court found the allegations of the complaint to be true, which are to the effect that plaintiff is the owner in fee and entitled to the possession of the premises described, being a lot on Twenty-fifth Street in San Francisco; that defendant, as administrator of the estate of Mourning E. Bollinger, deceased, claims an estate or interest therein adverse to plaintiff;

that said claim is without right, and the said estate has no right nor title to said property. In order to discuss the legal propositions contended for by appellant, it is necessary to state briefly the facts, which are in substance as follows: Mourning E. Bollinger, deceased, and plaintiff were husband and wife for twenty-six years prior to her death, which occurred in January, 1896. They had no children. Prior to the year 1887, a sister of the deceased, who was the wife of one Brown, died, leaving several small children, the oldest being about seven years of age. Plaintiff and deceased were then poor, and deceased had no separate property of her own, but with the consent of plaintiff she took the children of her dead sister to raise and educate. At the time of his wife's death Brown was a member of the American Council of the Order of Chosen Friends, and was carrying a benefit certificate of three thousand dollars, payable to his wife in case of his death. After the death of his wife, and after the plaintiff and deceased had taken charge of his children, Brown had the benefit certificate made payable to deceased in case of his death. Prior to the death of Brown's wife plaintiff had paid and assumed an indebtedness of about three hundred dollars for assessments due by Brown on said certificate. Brown agreed to pay to plaintiff and deceased the sum of fifty dollars per month for the care of his said children, but was in arrears in his payments. It was agreed between Brown and plaintiff and deceased that the benefit certificate should be assigned in satisfaction of the indebtedness due by Brown to plaintiff, and that plaintiff should thereafter keep up and pay the assessments upon the said certificate. Plaintiff thereafter paid the assessment upon the said certificate, and he and deceased supported and cared for the four children of Brown until his death, and after that time. After the death of Brown the amount of the benefit certificate was collected, and with the proceeds a lot was purchased on Jackson Street in the city of San Francisco. This lot was taken in the name of deceased, with no mention of her husband therein. A mortgage was given upon the property for three thousand dollars, the mortgage note being signed by both plaintiff and his wife. Plaintiff paid the interest on this mortgage. There is no evidence tending to show that the benefit certificate was a gift to

deceased, but it was assigned for the consideration herein stated.

About October, 1895, the plaintiff and deceased sold the Jackson-Street property subject to the mortgage, and received therefor the net sum of seventeen hundred dollars. They then purchased the property in controversy on Twenty-fifth Street for twenty-two hundred and fifty dollars, which was paid for with one thousand dollars realized from the sale of the Jackson-Street property and twelve hundred and fifty dollars by a note and mortgage executed by plaintiff and deceased to the Hibernia Bank. The deed to the Twenty-fifth-Street property was taken in the name of plaintiff and deceased.

We think the evidence clearly shows that the property was community property at the time of the death of deceased. The Jackson-Street property was acquired by deceased after marriage; and at the time it was acquired the code defined the separate property of the wife as that owned by her before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, and all other property acquired after marriage by either husband or wife or both is community property. (Civ. Code, secs. 162, 164.) As the property was acquired after marriage, and was not acquired by gift, bequest, devise, or descent, it became community property. At the time the Twenty-fifth-Street property was purchased section 164 of the Civil Code had been amended so as to provide that in case of a conveyance to a married woman and her husband the presumption is, that the married woman takes the part conveyed to her as tenant in common, unless a different intention is expressed in the instrument. This at most only created a presumption that the deceased took the part conveyed to her as tenant in common with her husband. The presumption is not conclusive, and was not intended to control or overthrow direct evidence. Here the evidence overthrows the presumption and shows that the deceased did not take as tenant in common, but that the entire interest conveyed by the deed was community property. Being community property, it belongs to the husband without administration. (Civ. Code, sec. 1401.)

The plaintiff was allowed, under the defendant's objection,

to testify as to the facts and circumstances and consideration paid for the Jackson-Street property, and also for the property in controversy. It is claimed that the evidence was incompetent and should have. been excluded by reason of subdivision 3 of section 1880 of the Code of Civil Procedure, which provides: "The following persons cannot be witnesses: . . . 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

We are of opinion that the witness was competent and the evidence properly admitted. The controversy is not concerning a claim or demand against the estate of deceased within the meaning of the section. It is concerning the property of plaintiff and to quiet a claim or demand or title asserted by the estate to such property. The question to be determined is as to whether or not the interest held by deceased under the deed is the property of the estate or the property of plaintiff. If it is not the property of the estate, then the action does not involve a claim or demand against the estate. To hold that the claim or demand in controversy here was a part of the estate, and thus render the witness incompetent, would be to determine in advance the very question at issue.

It has accordingly been held that the statute quoted did not exclude a party plaintiff in an action to enforce a resulting trust in real estate against the executors of deceased. (*Myers* v. *Reinstein,* 67 Cal. 90.) Nor in an action to enforce a mechanic's lien against the executors of a deceased person where the buildings were erected by deceased in his lifetime. (*Booth* v. *Pendola,* 88 Cal. 42.) Nor in an action to quiet title brought by the wife against the administrator of her deceased husband. (*Poulson* v. *Stanley,* 122 Cal. 655.[1])

We attach little importance to the fact that after the death of his wife plaintiff filed a petition for letters of administration upon the estate of deceased, in which he stated that she was the owner of an interest in the lot described in the complaint. The petition states that the property was community

---

[1] 68 Am. St. Rep. 73.

property. It may have been the intention of plaintiff at the time he filed the petition to administer upon the estate for the purpose of clearing up the apparently defective title. The statement did not estop the plaintiff from claiming the property. (*Dean* v. *Parker*, 88 Cal. 287.) There was no error in striking out the testimony of the witness Morais. The only object of the testimony appears to have been to show that the deceased was the beneficiary in the certificate for three thousand dollars. This was shown by other testimony, and is not disputed. Nor did the court err in refusing to allow defendant to testify that while plaintiff and deceased were in possession of the Jackson-Street property under the deed to deceased, the deceased said to defendant that she was the owner of the property.

It was not a declaration against her interest, and hence does not come within the authorities cited. Under certain circumstances such evidence would be admissible between the parties by way of estoppel, but it was not admissible as in favor of defendant in his representative character, nor was it admissible against the plaintiff. Deceased by declarations made in her lifetime could not create evidence to be used against her husband for the purpose of changing the character of the community property into the separate property of the wife.

Finally, it is claimed that the court erred in not finding on the affirmative allegations of defendant's answer stating that deceased had creditors and that claims had been allowed against her estate. It may be conceded that such was the case, yet the result would be the same. Defendant had all the rights in regard to recovering property of the estate, as administrator, that he could have had if it had been shown that deceased had many creditors. The fact that she owed debts, if it be a fact, would not authorize the taking of the lot in controversy from the plaintiff for the purpose of paying such debts.

It is advised that the judgment and order be affirmed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

                  McFarland, J., Lorigan, J., Henshaw, J.