[Civ. No. 858. First Appellate District.—July 15, 1911.]

MARGUERITE LEE MITCHELL, Respondent, v. MAUD B. MOSES, Defendant; J. W. MITCHELL, Intervenor, Appellant.

COMMUNITY PROPERTY—TITLE IN NAME OF WIFE—PRESUMPTION OF SEPARATE PROPERTY—PAROL EVIDENCE ADMISSIBLE.—Where title to real property is taken in the name of the wife, by a deed of bargain and sale from other grantors, the presumption that it is her separate property raised by section 164 of the Civil Code is one of fact, which may be overcome in a proper case, to show that the purchase was made with community funds, and is community property subject to the control of the husband.

ID.—EJECTMENT BY WIFE AGAINST TENANT OF HUSBAND—INTERVENTION BY HUSBAND—CROSS-COMPLAINT TO QUIET TITLE—ERROR IN EVIDENCE.—Where the wife sued the tenant of the husband in ejectment, and the husband was allowed to intervene with a cross-complaint to quiet his title, as against the wife, and judgment was rendered for the wife in ejectment, and against the husband on his cross-complaint, it was reversible error to refuse to allow the husband, after proving that he paid the purchase money, to testify to a conversation had by him with his wife about the purchase of the property prior to the purchase, and to refuse to allow him to answer questions which would have elicited an explanation as to why the property was taken in the name of the wife, and which

might have shown that it was not intended as between them that the property should be her separate property, or should be intended as a gift.

ID.—RULE AS TO EQUITABLE DEFENSE IN EJECTMENT INAPPLICABLE TO COMPLAINT OF HUSBAND TO QUIET TITLE.—The rule that title can be pleaded only as an equitable defense in an action of ejectment is inapplicable in case of a complaint by the husband to quiet his title to community property as against the wife, filed by way of cross-complaint by leave of court, as an intervener in such action. In such case the title relied upon by the husband is a legal and not an equitable title.

ID.—RULE AS TO PROPERTY ACQUIRED DURING MARRIAGE—CONTROL OF COMMUNITY PROPERTY.—Property acquired by either spouse during marriage, unless it be acquired by gift, devise or descent, belongs to the marital community, of which the husband has absolute control, except that he may not give it away without the wife's consent.

ID.—TITLE TO COMMUNITY PROPERTY—CONVEYANCE TO EITHER SPOUSE. The title to property may be vested in the marital community by a conveyance to either spouse.

ID.—TRUST, WHEN CREATED IN WIFE—DEED OF "SEPARATE PROPERTY." It is only when the deed to the wife expressly conveys the property to her as her "separate property" that it may be said that she takes the legal title in trust for the community if it be shown that the consideration was paid from community funds.

ID.—OWNERSHIP, WHEN VESTED IN HUSBAND—BARGAIN AND SALE DEED TO WIFE.—The law vests the ownership of all community property in the husband, notwithstanding a bargain and sale deed thereof is made to the wife. The title to the community property is vested by law in the husband by such deed to the wife.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial. Thos. J. Lennon, Judge.

The facts are stated in the opinion of the court.

Joseph P. Lucey, for Appellant.

F. W. Sawyer, for Respondent.

Thos. F. Boyd, for Defendant Moses.

HALL, J.—Plaintiff brought an action in ejectment against Maud B. Moses to recover the possession of certain premises

situate in Marin county. The defendant Moses was in possession of the premises under a lease from J. W. Mitchell, the husband of plaintiff. Plaintiff in her separate complaint alleged the *locus in quo* to be her separate property. The defendant Moses answered, denying the material allegations of the complaint.

The appellant, J. W. Mitchell, by leave of the court, filed a complaint in intervention to quiet title as against plaintiff. The complaint of the intervenor was in the ordinary form of a complaint to quiet title, and alleged that the intervenor was seised in fee of the premises in dispute, and that plaintiff claimed some interest in the premises adverse to the right of said intervenor. Plaintiff answered the complaint in intervention, and denied the allegations as to the seisin of the intervenor, and alleged that she was the owner and seised in fee of said property.

Plaintiff recovered judgment both against defendant Moses and the intervenor.

The intervenor moved for a new trial, which being denied, he in due time appealed from the judgment and order.

The only grounds urged for a reversal concern the action of the trial court in sustaining objections to testimony offered by appellant.

It was admitted by the intervenor at the outset of the trial that the title to the premises in suit, on the tenth day of December, 1903, was vested in H. H. Wainwright and Emily C. Wainwright. Plaintiff thereupon, in support of her title to the premises, introduced in evidence a deed of grant, bargain and sale, in the usual form, reciting a consideration of $10, executed by the said Wainwrights on said tenth day of December, 1903, and conveying the said premises to said plaintiff, described therein as the wife of appellant. The deed did not recite that the property was granted to the grantee as or for her separate property, but granted to her the premises "in fee simple absolute."

Plaintiff introduced no testimony as to the consideration paid for the premises or the like, but relied simply on the deed and the presumptions now arising from a conveyance to a married woman under section 164, Civil Code.

The intervenor was called as a witness on his own behalf, and without objection testified that he paid the consideration

for the property, but upon the objection of plaintiff was not allowed to state a conversation which he had with his wife, the plaintiff, about the purchase of the property prior to its purchase. Upon the objection of plaintiff he was not permitted to answer questions, which would have elicited an explanation as to why the title to the property was taken in the name of his wife.

It is manifest that if the witness had been allowed to answer the questions objected to, he might have shown that it was not intended, as between him and his wife, that the property should be her separate property, or that by allowing the conveyance to be made to her he intended any gift of the property to her. In other words, the rejected testimony might have overcome the presumption now arising, under section 164, Civil Code, that by the conveyance to her the title was vested in her as her separate property, and might have clearly shown the property to be community property.

We do not understand respondent to dispute that the presumption arising from a conveyance to a married woman that the property conveyed is her separate property may be overcome by parol testimony in a proper case. For of this there can be no question. (*Fanning* v. *Green,* 156 Cal. 279, [104 Pac. 308].)

Her contention is, however, as we understand it, that where title to community property is taken in the name of the wife, the title of the husband is but an equitable title, and that the husband will not be allowed to prove such equitable title without specially pleading the facts upon which his equitable title rests.

It cannot be denied that one relying upon an equitable title as a defense in an action in ejectment must specially plead the facts upon which his equitable defense rests.

But this rule has never been held to apply in actions to quiet title as between husband and wife where title to community property has been taken in the name of the wife. In such case the title of the husband is more than a mere equitable title.

Property acquired by either husband or wife during marriage, unless it be acquired by gift, devise or descent, belongs to the marital community, and of this property the husband

has absolute control, except that he may not, without the consent of his wife, make a gift thereof.

The character of the ownership in community property was early discussed by Justice Field in *Meyer* v. *Kinzer*, 12 Cal. 248, [73 Am. Dec. 538]. The court was discussing the effect of a conveyance made to the wife, and our statutes concerning separate and community property of married people. It said: "The statute proceeded upon the theory that the marriage, in respect to property acquired during its existence, is a community of which each spouse is a member, equally contributing by his or her industry to its prosperity, and possessing an equal right to succeed to the property after dissolution, in case of surviving the other. To the community all acquisitions by either, whether made jointly or separately, belong. No form of transfer or mere intent of parties can overcome this positive rule of law. All property is common property, except that owned previous to marriage or subsequently acquired in a particular way."

In *Gwynn* v. *Dierssen*, 101 Cal. 564, [36 Pac. 103], an action to quiet title, it was said: "The deed from Taylor to Cornelia S. Gwynn [a married woman] vested the title in the marital community."

The title to property may be vested in the marital community by a conveyance to either spouse. (*Nilson* v. *Sarment*, 153 Cal. 524, [126 Am. St. Rep. 91, 96 Pac. 315]; *Dimmick* v. *Dimmick*, 95 Cal. 323, [20 Pac. 248]; *Morgan* v. *Lones*, 78 Cal. 58, [20 Pac. 248]; *Fanning* v. *Green*, 156 Cal. 279, [104 Pac. 308]; *Bollinger* v. *Wright*, 143 Cal. 292, [76 Pac. 1108]; *Hammond* v. *McCollough*, 159 Cal. 639, [115 Pac. 216]; *Lewis* v. *Burns*, 122 Cal. 358, [55 Pac. 132].) The law places the ownership of community property in the husband. (*Fulkerson* v. *Stiles*, 156 Cal. 704, [105 Pac. 966, 26 L. R. A., N. S., 181].)

All of the cases above cited involved the effect of a deed to a married woman, and all were actions to quiet title. In none was it sought to obtain a decree to compel a conveyance of the title acquired by the wife to the husband or his successor in interest, which would have been the more appropriate remedy if the conveyance to a wife vested in the husband an equitable title only. In some of said cases the facts were specially pleaded, while in others the allegations were

in the usual form of a complaint to quiet title. This was so in *Bollinger* v. *Wright,* 143 Cal. 292, [76 Pac. 1108], and *Hammond* v. *McCollough,* 159 Cal. 639, [115 Pac. 216], in each of which the property involved was acquired in the name of the wife and subsequent to the amendment of 1889 to section 164, Civil Code, and in each of which the title of the husband, that is, of the marital community, was upheld upon parol evidence overcoming the presumption arising from the conveyance being to the wife.

The cases above cited certainly establish the rule that the husband, or one claiming under him, may maintain an action to quiet title against the wife, or one claiming under her, where title to community property has been taken in her name.

This being true, it must follow that in such cases the title taken by the husband is not merely an equitable title, for it is well established that the holder of an equitable title only cannot maintain action to quiet title against the holder of the legal title. His action must be one to compel a reconveyance or to otherwise enforce a trust. (*Von Drachenfels* v. *Doolittle,* 77 Cal. 296, [19 Pac. 518]; *Nidever* v. *Ayres,* 83 Cal. 39, [23 Pac. 192]; *Bryan* v. *Tormey,* 84 Cal. 126, [24 Pac. 319]; *Harrigan* v. *Mowry,* 84 Cal. 456, [22 Pac. 658, 24 Pac. 48]; *Chase* v. *Cameron,* 133 Cal. 231, [65 Pac. 460].)

That the husband takes the whole title, both legal and equitable, under a deed to the wife of the community property, is also supported by *Peiser* v. *Griffin,* 125 Cal. 9, [57 Pac. 690]. It is there said of property claimed to have been purchased with community funds, "if the property was community property, the legal title remained in the husband, notwithstanding that the deed was taken in the name of the wife, and the wife could not pass title to it."

The court also quotes with approval from Pomeroy on Community Property the following: "If land, being community property, is conveyed to the wife during marriage, she takes no real title to it. The whole title, both legal and equitable, at once vests in the husband by means of the deed to the wife." (See, also, *In re Burdick,* 112 Cal. 387, [44 Pac. 734].)

It is only where the deed expressly conveys the property to the wife "as her separate property" that it may be said that she takes the legal title in trust for the community, where the consideration is paid from community funds. Such was the case in *Shanahan* v. *Crampton,* 92 Cal. 9, [28 Pac. 50]. (See, also, *Swain* v. *Duane,* 48 Cal. 359.) In the case at bar the conveyance was not in terms to the wife as her separate property, but was in the usual form of a grant, bargain and sale deed.

The court erred in refusing to allow appellant to prove by parol testimony that the property conveyed by the deed to plaintiff did not become her separate property, but was the property of the marital community. For this reason the judgment and order are reversed.

Lennon, P. J., and Kerrigan, J., concurred.