[Civ. No. 4892.   Third Appellate District.—November 8, 1933.]

HARRY D. SALVETER, Appellant, v. MAUD E. SAL-
VETER, Respondent.

Goodspeed, Pendell & McGuire for Appellant.

Hugh A. McNary for Respondent.

PULLEN, P. J.—The question here involved is whether the complaint in issue states a cause of action.

The trial court sustained an objection by the defendant that the complaint did not state a cause of action and that the cause of action attempted to be set forth was barred by the statute of limitations, and the judgment of dismissal followed.

It was alleged in the complaint, which is one for an accounting, that plaintiff and defendant were once husband and wife; that said Maud E. Salveter filed an action for divorce against plaintiff herein, and a trial was had, resulting in an interlocutory decree dated June 14, 1927, followed in due time by a final decree. Pending the trial, plaintiff therein obtained an order under date of May 11, 1925, allowing her certain moneys for maintenance and support, and in the decrees these payments were continued, and the rentals thereafter to be received from certain community property were impounded to insure payment thereof. No final order was made as to the title to the community property, that matter having been reserved.

The defendant in the divorce action, having failed to make certain payments, plaintiff therein, Maud E. Salveter, sought by an *ex parte* application a writ of execution to obtain payment of the amount stipulated in the preliminary order. By virtue of this writ of execution, the sheriff sold plaintiff's community interest in a certain leasehold. At the sale defendant herein became the purchaser of the interest, paying therefor $1,000. Plaintiff alleges that the property had a value of $30,000 and a monthly rental of $549.

The preliminary order and the interlocutory and final decrees required of plaintiff that he pay to Maud E. Salveter

the sum of $50 per month, and at the time of the writ of execution, defendant claims plaintiff was indebted to her over $2,000, whereas plaintiff contends he was not indebted to defendant in any amount. Plaintiff alleges, in his complaint that demand has been made of defendant for an accounting of the rentals from May 11, 1925, being the date of the preliminary order of court requiring him to make such payments for temporary maintenance to June 14, 1927, the date of the interlocutory decree, it being alleged that during all of that period defendant had full charge of the premises and the rentals received therefrom, which accounting has been refused; plaintiff alleges he suffered irreparable loss, and is without money to pay the amounts claimed by the defendant to be due under the divorce decree, and has no adequate remedy at law. The prayer of the complaint is for an accounting and other equitable relief.

When this action was brought to trial, oral objection was interposed by defendant to the maintenance of the action and to the introduction of any evidence upon the ground that the complaint did not state a cause of action and that the alleged cause of action was barred by the statute of limitations, under subdivision 1 of section 339 of the Code of Civil Procedure.

The objections were by the trial court sustained and also that the matter was *res judicata,* and ordered the action dismissed.

Plaintiff here contends that he, as husband, has the right to the control and disposition of the rentals from the community property, and when the defendant, as wife, collected the rentals, she acted in his behalf and collected them for his account and held them subject to his legal right to the benefits thereof.

Her possession was his possession. (5 Cal. Jur. 335.) Therefore, having the right to possession, he had the right to sue and recover judgment against her for moneys had and received. (*Fennell* v. *Drinkhouse,* 131 Cal. 447 [63 Pac. 734, 82 Am. St. Rep. 361].) She was his agent and all moneys collected by her were by her held in trust, subject to his order and disposition. He had the right, therefore, to have such moneys applied upon his obligation under the order directing him to pay a family allowance and to receive credit therefor. Neither the fund nor the surplus, if any, has ever

been determined by the court, by interlocutory decree or otherwise, and we believe plaintiff is entitled to a statement and an accounting of all receipts and disbursements thereof. (*Prince* v. *Lamb*, 128 Cal. 120 [60 Pac. 689]; *Green* v. *Brooks*, 81 Cal. 328 [22 Pac. 849].)

■ We cannot agree with defendant that the court passed upon these matters at the time the divorce proceedings were under consideration. The question here raised was neither relevant nor pertinent to the issues there considered, nor was it reserved for further consideration in the interlocutory or final decrees.

■ As to the question of *res judicata* suggested by the trial court as being a bar to the trial of the action, we do not here find present the elements essential to such a bar. *Res judicata* cannot, of itself, and without either appropriate allegations in the answer, nor without the introduction of some evidence, successfully bar a plaintiff from setting up a cause of action. Section 581 of the Code of Civil Procedure enumerates when the action may be dismissed. The conditions referred to in the several subdivisions have no application to the facts here presented.

■ Defendant, prior to the order of dismissal, interposed two demurrers to the complaint, and therein attempted to raise the defense of the statute of limitations by merely alleging that the cause of action was barred thereby. This is not the language prescribed for such a plea (sec. 458, Code Civ. Proc.), and this being a defense purely statutory, and having failed to raise the issue in the statutory manner at the proper time, either by demurrer or answer, she must be deemed to have waived it. It came too late as an oral motion to the introduction of testimony in support of the complaint.

It appears the trial court erred in dismissing the action, and the judgment is hereby reversed.

Plummer, J., and Thompson, J., concurred.