[L. A. No. 17395. In Bank.—December 30, 1940.]

EMMA JACKSON, Appellant, v. MASTER HOLDING CORPORATION (a Corporation) et al., Defendants; TURLOCK GUARANTEE BUILDING–LOAN ASSOCIATION (a Corporation) et al., Respondents.

F. W. Sawyer for Appellant.

T. B. Scott, E. H. Zion and William N. Graybiel for Respondents.

THE COURT.—Plaintiff commenced this action on March 17, 1938, against defendants for fraud. Defendant Turlock Guarantee Building-Loan Association filed a general demurrer to the second amended complaint, which included the plea of the statute of limitations. Defendant El Portal Building-Loan Association filed a similar general demurrer, and also demurred specially upon the ground of uncertainty. Plaintiff's counsel indicated that he did not desire to amend, and the demurrers were sustained without leave to amend. Judgment against plaintiff followed, and she then brought this appeal.

In order to determine the sufficiency of the complaint against the demurrers it will be necessary to summarize its main allegations, which are as follows:

On March 20, 1930, defendant Master Holding Corporation was organized to act as a holding company for building and loan associations in California. On information and belief, plaintiff alleged that prior to July 29, 1930, two other associations and Master Holding Corporation entered into a written agreement of "general agency", executed by their respective officers, under which they "were united, allied and affiliated together in the doing of the business of each", and all came under the control and supervision of Master Holding Corporation; and that thereafter "by virtue of certain resolutions, agreements and transactions duly adopted by the respective boards of directors" of said defendants, these corporations were governed by a regional board of directors, and that Master Holding Corporation acted for all of them.

On July 29, 1930, plaintiff was approached by H. R. Acteson, claiming to be the authorized agent of Master Holding Corporation and its "allied and affiliated interests", who

attempted to sell her stock in the corporation. He invited her to meet with him and the officers of the Turlock Association, and plaintiff came to its office. At this meeting, on or about July 30, 1930, Acteson, in the presence of R. Anderson, secretary of said association, stated to plaintiff that he, Acteson, was the authorized agent of Master Holding Corporation and of its allied interests; that the corporation had acquired the control of some twenty or more building and loan associations in the state by purchase of over 50 per cent of their issued and outstanding capital stock; that among these associations were the Turlock Association and El Portal Association; that Master Holding Corporation was receiving over 50 per cent of the net earnings of said associations as dividends, and that all of said associations were producing income; that Master Holding Corporation was receiving over 7 per cent per annum on its stock; that all of these associations were united and affiliated with Master Holding Corporation and that their business was performed through a regional board of directors, thus assuring experience and knowledge in the business; and that the acquisition by Master Holding Corporation of the stock had been approved by the corporation commissioner. Many other representations as to the safety and value of the investment are alleged. Anderson at no time questioned any of the statements but instead advised plaintiff that she could rely on them and that the investment was sound.

Plaintiff further alleged, on information and belief, that the sale of the stock of Master Holding Corporation to plaintiff was part of a general sales campaign, conducted by the regional board of directors of the affiliated associations, and that Acteson was employed by said regional board of directors, and under resolutions and agreements of said board was fully authorized by all of the allied and affiliated associations to make the representations alleged; and that the money received from plaintiff by Master Holding Corporation for the purchase of said stock was actually used for the benefit of all of the said associations.

Allegations of falsity of the representations and reliance thereon then follow. In particular it is alleged that Master Holding Corporation never acquired any of the stock of any of the corporations, and that its stock was of no value whatever. Instead, it is alleged on information and belief that

in order to induce plaintiff and others to purchase its stock, Master Holding Corporation, with the full knowledge and consent of a majority of officers and members of the regional board of directors, arranged for an exchange of its stock for over 50 per cent of the stock of the other associations, which stock was delivered to Theodore Kemp in a secret escrow; that Kemp retained the shares but never did consummate the exchange, and after the sales campaign, Kemp returned the shares to the original owners so that Master Holding Corporation never acquired anything by this transaction.

Plaintiff alleges finally that all of the facts constituting the fraud were concealed by the defendants, and that all information respecting these transactions was kept in the private files of defendants. She did not discover the facts until May 9, 1935, when another investor told her of the void exchanges and the insolvency of Master Holding Corporation. She alleges that prior to said discovery and the resulting litigation, she had no notice of any circumstances which would lead her to discover the facts constituting the fraud.

From the foregoing summary of the allegations of the complaint it is clear that the serious question on this appeal is whether the complaint pleads sufficient facts to excuse the late discovery of the fraud, in order to take the case out of the bar of the statute of limitations. Unless it does, the action is barred, for the fraud occurred in 1930, and the action was not brought until 1938.

Defendants rely on the many cases which establish the requirement of pleading facts to excuse the belated discovery of the alleged fraud, of which *Lady Washington C. Co.* v. *Wood*, 113 Cal. 482 [45 Pac. 809] , *Consolidated Reservoir & Power Co.* v. *Scarborough*, 216 Cal. 698 [16 Pac. (2d) 268], *Nighbert* v. *First Nat. Bank*, 26 Cal. App. (2d) 624 [79 Pac. (2d) 1105], and *Turner* v. *Liner*, 31 Cal. App. (2d) 196 [87 Pac. (2d) 740], are typical. The argument, based on these cases, is that plaintiff was a stockholder with a duty to inquire into the acts of officers and directors of the corporation, and that she is charged, in some degree at least, with knowledge of facts which appear on the records of the corporation. The complaint alleges that plaintiff was promised an income of 7 per cent and never received any dividends at all. But she made no inquiry of the officers of the corporation nor of the Building and Loan Commissioner as to the

reasons why no dividends were paid, and she made no attempt to inspect the books of the corporation. There is no allegation that she attended any stockholders' meeting, nor is it claimed that no meetings were held. Other sources of information and circumstances calling for inquiry are suggested by defendants, and it is therefore contended that since she had the means of acquiring knowledge, and failed to make any inquiry, she cannot justify her action after the period in which the statute of limitations would normally run.

It is neither necessary nor desirable at this time to consider the extent to which the doctrine of the foregoing cases has been or should be relaxed in situations where the failure to make inquiry is a result of deceptive assurances by the fraudulent parties, or other conduct tending to lull the plaintiff into a sense of security; nor where the plaintiff does make some inquiry, but fails to discover the truth. (See discussion in *Bainbridge* v. *Stoner, ante,* p. 423 [106 Pac. (2d) 423].) The present pleading cannot be justified even under the most liberal relaxation of the rule for there is no showing of any inquiry at all, and no explanation is offered for the failure to make it except the vague averment that the facts were "concealed" and "kept in the private files" of defendants. The pleading simply fails to meet the minimum requirements of a complaint for fraud which is filed more than three years after its commission.

In view of our conclusion on this issue it is unnecessary to consider the numerous specifications of uncertainty raised by the special demurrer.

The judgment is affirmed.

Rehearing denied. Curtis, J., Houser, J., and Carter, J., voted for a rehearing.