[Civ. No. 13732. Second Dist., Div. Two. May 27, 1943.]

RICHARD M. LEWIS et al., Appellants, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent.

Charles A. Son for Appellants.

Cleveland & Lutz for Respondent.

McCOMB, J.—From a judgment in favor of defendant predicated upon the sustaining of a demurrer to plaintiffs' complaint as amended without leave to amend, on the ground that the alleged cause of action was barred by the statute of limitations, plaintiffs appeal.

This is an action to recover damages for breach of an oral contract to purchase fire insurance for plaintiffs' benefit, and was filed December 23, 1941.

The pertinent facts alleged in the complaint as amended are:

In February, 1937, pursuant to plaintiffs' application, defendant loaned to them the sum of $4,000. To secure the loan plaintiffs executed a promissory note and trust deed in favor of defendant covering certain real property owned by plaintiffs, and at such time, and as part of the transaction, defendant "orally promised to procure" fire insurance covering a building plaintiffs intended to erect upon the property described in the trust deed. In June, 1937, the proposed building was completed, which building, December 23, 1940, was destroyed by fire. Defendant failed to obtain a policy of fire insurance in accordance with the terms of its agreement, and plaintiffs learned of this fact for the first time on December 26, 1940. As a result of defendant's failure to procure a policy of fire insurance covering the property which was destroyed, plaintiffs were damaged in the sum of $4,000.

Defendant demurred to the complaint as amended, among others, on the following ground:

"That the first amended complaint is barred by the statute of limitations of the State of California."*

The demurrer was sustained without leave to amend.

This is the sole question necessary for us to determine: *Was plaintiffs' alleged cause of action barred by the*

---

*It is to be noted that the language used in the demurrer was sufficient to raise the issue as to whether the cause of action stated in the complaint was barred by the statute of limitations, even though the applicable *section* and *subsection* of the Code of Civil Procedure were not specified in the demurrer. See *Bainbridge* v. *Stoner,* (1940) 16 Cal.2d 423, 430 [106 P.2d 423], which holds that it is not necessary to comply with the provisions of section 458 of the Code of Civil Procedure in pleading the statute of limitations by way of *demurrer.* The Bainbridge case, although it does not mention them, over-rules contrary statements in earlier cases, such as: *Salveter* v. *Salveter,* (1933) 135 Cal.App. 238, 241 [26 P.2d 836]; and *Union Oil Co.* v. *Purissima Hills Oil Co.,* (1919) 181 Cal. 479, 480 [185 P. 381]. See *People* v. *Bateman,* 57 Cal.App.2d 585 [135 P.2d 192], and cases therein cited.

*statute of limitations, section 339, subdivision 1, of the Code of Civil Procedure?*

This question must be answered in the affirmative. The rule is established in California that an action to recover damages for breach of an oral contract must be commenced within two years after the cause of action accrues. (Sec. 339, subd. 1, Code of Civ. Proc.)

In the instant case plaintiffs allege that the contract, for the breach of which they are suing, was an oral contract. Since defendant did not, at any time, procure a policy of fire insurance in accordance with its alleged agreement, plaintiffs' cause of action accrued, if at all, not later than June 1, 1937, the date the building was completed upon the property described in the trust deed mentioned above. The present action was not filed until December 23, 1941. Therefore, since more than two years had elapsed after plaintiffs' cause of action accrued before the present action was commenced, it was clearly barred by the applicable provision of the statute of limitations, section 339, subdivision 1, of the Code of Civil Procedure.

█ There is no merit in plaintiffs' contention that the statute of limitations was tolled because of defendant's fraud. If we assume (without deciding) that fraud tolls the running of the statute of limitations in a case of the nature of the present one, section 338, subdivision 4, of the Code of Civil Procedure applies; as would the established rule that where fraud is alleged as the basis for a cause of action accruing more than three years prior to the filing of a complaint, it is essential to allege facts from which the court can determine that by reasonable diligence the plaintiff could not have discovered the alleged fraud at an earlier date. (*Reilly* v. *Richardson,* 18 Cal.App.2d 352, 353 [63 P.2d 1180].) The foregoing rule is not met by a mere allegation that plaintiff did not discover the fraud prior to a designated date. (*Bradbury* v. *Higginson,* 167 Cal. 553, 558 [140 P. 254] ; *Montgomery* v. *Peterson,* 27 Cal.App. 671, 675 [151 P. 23].)

In the present case the only allegations in the complaint as amended relative to plaintiffs' failure to sooner discover that defendant had not procured an insurance policy in accordance with its promise, are as follows:

"That at the time said loan was made, the plaintiffs were informed by the defendant that the loan was a loan under the National Housing Act and that the rate of interest would

be 5% per annum, defendant then and there well knowing that plaintiffs' agent was informed and believed that said Act required that the property securing a loan under the Act should be insured against destruction by fire; that the payment of principal at the rate of $83.16 per month for 60 months as required by the note executed by the plaintiffs and as set out in the receipts given by the defendant, made the total of interest payable upon said loan greater than the amount stated to plaintiffs and the plaintiffs understood that the reason for the discrepancy was because payments on account of insurance premiums were included in the total monthly payments; that after said loan was made, defendant represented that said loan was under the National Housing Act and complied with all requirements thereof; that the defendant wrongfully failed to procure at any time or in any amount, any fire insurance upon the structure described in this complaint; that the defendant did not at any time inform the plaintiffs or either of them or the agent that no fire insurance had been obtained covering the structure erected as herein set forth, and plaintiffs did not know at any time prior to December 26, 1940, that defendant had not procured any said fire insurance in the sum of $4000.00, or in any sum, or at all; that the plaintiffs did not procure fire insurance because of their reliance upon the defendant and the representations made as herein contained. That said defendant by its conduct, acts and representations herein alleged, is estopped to deny that fire insurance sufficient to cover the amount of said loan was taken out and placed by said defendant, and collected by said defendant subsequent to December 23, 1940, the date of the fire loss hereinafter described.

"That on December 23, 1940, the structure erected on the property as herein alleged was wholly destroyed by fire. That plaintiffs for the first time were informed by the defendant on December 26, 1940, that no fire insurance covered said structure; that prior to said December 26, 1940, plaintiffs did not discover that defendant had not procured any fire insurance on said property at any time, in any amount, or at all."

There is nothing in the foregoing allegations which would have justified the trial court in finding that plaintiffs, by the use of reasonable diligence, could not have discovered at an earlier date the alleged fraudulent failure of defendant to perform its oral contract. Therefore, assuming (without deciding) that facts might have been alleged which would bring the present action within the purview of the statute of limitations,

as set forth in section 338, subdivision 4, of the Code of Civil Procedure, plaintiffs have failed to meet the requirements of the above rules of law relative to pleading facts which show an excuse for not sooner discovering fraud.

As more than three years elapsed after the accrual of their alleged cause of action before the present action was instituted, and since facts are not alleged showing an excuse for failure to sooner discover the alleged fraud, any assumed cause of action predicated upon fraud is barred by section 338, subdivision 4, of the Code of Civil Procedure. (Cf. *Jackson* v. *Master Holding Corporation*, 16 Cal.2d 824, 826 [108 P.2d 673].)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

Mr. Justice Wood, deeming himself disqualified, did not participate in the foregoing decision.

Appellants' petition for a hearing by the Supreme Court was denied July 22, 1943. Schauer, J., did not participate therein.