[Civ. No. 10650. Fourth Dist., Div. One. Nov. 19, 1971.]

ROGER W. WILCOX, Plaintiff and Appellant, v.
IDA M. WILCOX, Defendant and Respondent.

458

**COUNSEL**

Sayer & MacFarlane and Robert D. MacFarlane for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

**OPINION**

**COUGHLIN, J.\***—Plaintiff appeals from a judgment of dismissal following an order sustaining defendant's demurrer without leave to amend.

Plaintiff's complaint alleges he and defendant are husband and wife; defendant has taken, is in exclusive possession of, and has secreted $30,000 of community funds; demand has been made upon her for this money; and she refuses to pay the same to plaintiff.

Defendant's demurrer to the complaint was upon the ground: "This Court does not have jurisdiction over the subject matter of this action, in that there is no statutory authority which allows a spouse to sue the other for mismanagement of community funds."

The court sustained the demurrer without leave to amend.

The cause of action alleged in plaintiff's complaint is not premised upon defendant's mismanagement of community funds, as stated in her demurrer, but upon defendant's violation of plaintiff's right to manage, control and dispose of community funds.

■ By statute a husband "has the management and control of the

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate," subject to certain exceptions not material to the case at bench. (Civ. Code, § 5125.) The right of the husband thus conferred to manage, control and dispose of community personal property is invaded by his wife when she deprives him thereof by taking, secreting and exercising exclusive control over community funds. A husband has a cause of action against his wife for such an invasion and violation of his right in the premises with attendant appropriate remedies. These conclusions are dictated by the principles stated and applied in *Harris* v. *Harris,* 57 Cal.2d 367, 370 [19 Cal.Rptr. 793, 369 P.2d 481], *Odone* v. *Marzocchi,* 34 Cal.2d 431, 437-439 [211 P.2d 297, 212 P.2d 233, 17 A.L.R.2d 1109], *Fields* v. *Michael,* 91 Cal. App.2d 443, 447-449 [205 P.2d 402], *Lynn* v. *Herman,* 72 Cal.App.2d 614, 617 [165 P.2d 54], *Salveter* v. *Salveter,* 135 Cal.App. 238, 240 [26 P.2d 836], *Johnson* v. *National Surety Co.,* 118 Cal.App. 227, 230 [5 P.2d 39], *McAlvay* v. *Consumers' Salt Co.,* 112 Cal.App. 383, 396 [297 P. 135], and *Mitchell* v. *Moses,* 16 Cal.App. 594, 599 [117 P. 685]. (See also *McKay* v. *Lauriston,* 204 Cal. 557, 564 [269 P. 519]; *Greiner* v. *Greiner,* 58 Cal. 115, 121.)

The right of the husband to maintain an action against his wife to protect his property rights in community funds, including the right to manage, control and dispose of such, with the incident right to possession thereof for this purpose, is not dependent upon statutory authority to sue his wife, as claimed by defendant in her demurrer. In *McAlvay* v. *Consumers' Salt Co., supra,* 112 Cal.App. 383, 396, the court said: "[T]he right of a husband to maintain an action to quiet his title to community property against the wife has been frequently upheld. . . ." In *Salveter* v. *Salveter, supra,* 135 Cal.App. 238, 240, the court upheld the right of the husband to recover and required his wife to account for community funds which were the proceeds of community property. In neither of the foregoing cases was the right of the defendant to sue premised on statutory authority. Basic to the situation at bench is the provision of Civil Code section 3523 that: "For every wrong there is a remedy."

The order sustaining the demurrer was error.

The judgment is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.