The plaintiff sued the defendants for breach of contract and negligence as a result of the lapse of a contract of life insurance under which the plaintiff was beneficiary. The trial court granted a summary judgment in favor of both defendants and the plaintiff appeals. We affirm.
The dispositive issue is whether the plaintiff's cause of action is barred by the statute of limitations.
A review of the record reveals the following:
The plaintiff's deceased husband worked at the defendant-employer's plant. In the summer of 1968 he was granted a retirement for total disability. *Page 1110 
At the time of the deceased's retirement a collective bargaining agreement existed under which life insurance would be continued on behalf of the deceased for as long as he remained totally disabled as long as proofs of disability werefurnished as required by the insurance policy.
The insurance policy in pertinent part is as follows:
 If any insured Employee whose active employment terminates because of total disability beginning before his sixtieth birthday, submits to the Home Office of the Insurance Company due proof of such total disability and that it has continued without interruption for a period of not less than nine months and still exists, the Insurance Company will endorse his certificate acknowledging the existence at that time of such disability, but only if such proof be received during the Employee's lifetime and within one year after termination of active employment. After endorsement of any Employee's certificate as described above, if he submits annually thereafter . . . due proof that total disability has continued without interruption . . . the Insurance Company will pay to the beneficiary of record the amount of the Employee's life insurance in force at the time of termination of active employment.
After the death of the plaintiff's husband, the plaintiff attempted to collect the insurance benefits. The defendant-insurance company disallowed the claim, stating that it had never received annual proofs of the deceased's continuing total disability and that the insurance coverage lapsed on January 5, 1970.
Subsequently, the plaintiff filed suit alleging that the defendant-employer breached the collective bargaining contract or in the alternative committed negligence in allowing the insurance coverage to lapse. Put another way, it is the plaintiff's contention that the defendant-employer undertook to furnish the proofs of disability, as required under the insurance policy, thus creating an agency relationship between itself and the defendant-insurance company.
In answer to the plaintiff's complaint, the defendants pled the statute of limitations.
We note that pursuant to § 6-2-34, Code of Ala. 1975, an action on a contract, such as is alleged here, must be brought within six years. In addition, an action for negligence, as alleged here, must be brought within one year pursuant to §6-2-39, Code of Ala. 1975.
The above statutory periods begin to run at the time when a plaintiff can file its complaint. That is, the statutes begin running from the time the cause of action accrues. Henslee v.Merritt, 263 Ala. 266, 82 So.2d 212 (1955); Esslinger v.Spragins, 236 Ala. 508, 183 So. 401 (1938).
In a contract action, the cause of action accrues from the date the contract is breached. Lipscomb v. Tucker, 294 Ala. 246, 314 So.2d 840 (1975).
In a negligence claim, the cause of action accrues as soon as the plaintiff is entitled to maintain an action thereon regardless of whether the full amount of damages is apparent at the time of the first legal injury. Home Insurance Co. v.Stuart-McCorkle, Inc., 291 Ala. 601, 285 So.2d 468 (1973).
The plaintiff contends that her causes of action did not accrue until the event insured against occurred. Stated differently, the plaintiff contends that November 27, 1977, the date of the death of her husband, was the earliest date at which her causes of action accrued.
However, the plaintiff, through able counsel, does not cite, nor are we aware of any authority which so holds.
In this instance, we find that the alleged contract was breached, if breached at all, when the insurance coverage lapsed, which, as indicated above, was January 5, 1970. This is because the plaintiff's claim of breach is based upon the above mentioned collective bargaining agreement pursuant to which the plaintiff alleges the defendant-employer undertook to furnish proofs of continuing disability. This alleged agreement to furnish proofs and keep *Page 1111 
the insurance in effect could only have been breached under the facts in this instance when the defendant failed to furnish such proofs, resulting in the lapse of the policy.
That is, the breach occurred, if one occurred at all, when the defendant failed to perform its alleged undertaking under the contract. The date of the insured's death was simply the date on which the plaintiff would have been entitled to the proceeds of the policy but for the prior alleged breach by the defendant. Thus, the contract action claim accrued on January 5, 1970. See, Meyerson v. New Idea Hosiery Co., 217 Ala. 153,115 So. 94 (1927). See also, Brown v. Wilson Co.,230 F.2d 280 (7th Cir. 1956); Lewis v. Security-First Nat. Bank of LosAngeles, 58 Cal.App.2d 827, 137 P.2d 864 (1943).
In addition, we find that the plaintiff suffered legal injury, if at all, on the same date in regards to the negligence action. This is because when the policy lapsed, the plaintiff lost a substantial interest as the named beneficiary in the proceeds of the policy. If the negligence of the defendant-employer caused the policy to lapse then the date of the lapse is when the plaintiff's cause of action accrued. Thus, on January 5, 1970, when the policy lapsed, the plaintiff had a cause of action for negligence on the part of the defendants in allowing the policy to terminate. See, Meyerson,supra.
It only follows that any cause of action against the insurance company as the alleged principal of the defendant-employer likewise accrued on January 5, 1970. As indicated, the plaintiff's loss occurred when the policy lapsed and was therefore canceled, not on the date of the insured's death.
Therefore, under any theory espoused by the plaintiff against either defendant, her cause of action accrued on January 5, 1970.
In this instance, the plaintiff filed her action in May of 1978. Thus, her action was filed after the time limitations, as indicated above, had expired. Therefore, the trial court did not err in granting the defendants' motions for summary judgment.
The fact that the plaintiff in this instance may be a third party beneficiary does not alter the date of the accrual of the actions because the rights of third parties, for whose benefit a promise is made, are affected with all the infirmities of the contract as between the parties thereto. Meyerson, supra. We think this same reasoning applies to a claim of negligence based upon an agreement. Thus, the plaintiff in this instance is subject to the same statute of limitations as her deceased husband.
Thus, having decided that the statute of limitations bars the plaintiff's recovery, we need not address other issues presented for review.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.