This is an appeal by plaintiffs, William E. Armstrong, Doras Armstrong, and James David Armstrong, from a summary judgment in favor of the defendants, Life Insurance Company of Virginia (Virginia Life) and Jonathan S. Shouse. The action involved a claim for major medical insurance benefits under a group policy. We affirm.
A major medical group insurance policy was existing and in force between the Armstrongs and Life on March 27, 1980, when James David Armstrong, a dependent of William and Doras Armstrong, suffered injuries arising out of an electrical shock on the tennis courts of the Country Club of Mobile, in Mobile, Alabama. The injury to Armstrong was an accidental bodily injury arising out of or in the course of his employment.
Insurance claims for Armstrong's medical expenses were submitted pursuant to the group policy without any indication that the accident was work related. Between July and September of 1980, Virginia Life paid out a sum exceeding $21,000.00 toward satisfaction of these claims. In October of 1980, after discovering that the accident arose out of employment, Virginia Life denied coverage of any further bills and demanded reimbursement of the amount paid out. Denial of coverage was made pursuant to the Limitations Section of the policy, specifically Section IV, paragraph 8, which provides as follows:
 "The Benefits provided under these Major Medical Expense Insurance Provisions will not be payable for the following care, services, treatments or supplies:
. . .
 "8. Those which result from an accidental bodily injury arising out of or in the course of employment or a sickness entitling the insured individual to benefits under a Workmen's Compensation Act or similar legislation."
The Armstrongs asserted that a Virginia Life agent represented to them at the time they purchased the policy that coverage would apply to dependents even if they were employed, as long as workmen's compensation benefits were not provided. The agent for Virginia Life admitted that this representation was made because that was his understanding of the policy provision. Neither the Armstrongs nor the agent, who was no longer employed with Virginia Life at the time of the accident, conveyed to Virginia Life information that the representation had been made.
The Armstrongs' complaint contained four causes of action: (1) claim for benefits due under the insurance policy; (2) negligence in denying coverage; (3) fraud and misrepresentation; and (4) bad faith denial of coverage. Both parties filed motions for summary judgment based upon the pleadings, the depositions, and the affidavits submitted. The trial court held that the policy provided coverage but denied the other claims of fraud, misrepresentation, negligence, and bad faith. In denying the bad faith claim the court found that Life had a legitimate reason for denial of coverage.
The Armstrongs raise the following issues on appeal:
(1) whether the trial court erred in granting a summary judgment in favor of Virginia Life on the fraud and misrepresentation claim; (2) whether the trial court erred in granting a summary judgment in favor of Virginia Life on the negligence claim; (3) whether the trial court erred in granting a summary judgment in favor of Virginia Life on the bad faith claim.
A motion for summary judgment is proper only when, after reviewing the evidence in favor of the nonmoving party, there is no genuine issue as to any material fact. Robertson v. Cityof Tuscaloosa, 413 So.2d 1064 (Ala. 1982).
We first address the claim that the trial court erred in granting a summary judgment for Virginia Life with regard to bad faith. Recently, Justice Beatty in National *Page 1379 Security Fire Cas. Co. v. Vintson, 454 So.2d 942 (Ala. 1984), set out the rules of bad faith as they have progressed. By referring to the Vintson case for a discussion of those rules, we shall apply them to the present case.
The lower court found the Armstrongs were entitled to a judgment on the contract claim as a matter of law; and this finding is not appealed by Virginia Life. This Court has held that "a plaintiff, in the normal case, must be entitled to a directed verdict on the contract claim as a matter of law in order to make out a prima facie case of bad faith refusal to pay an insurance claim." National Savings Life Ins. Co. v.Dutton, 419 So.2d 1357, 1359 (Ala. 1982). We note that the standards of review for a directed verdict and a summary judgment are essentially the same. Both are proper only where there is a complete absence of proof on a material issue or where there are no disputed questions of fact on which reasonable people could differ. Coggin v. Starke Bros. RealtyCo., 391 So.2d 111 (Ala. 1980); Ritch v. Waldrop, 428 So.2d 1
(Ala. 1982); Houston v. McClure, 425 So.2d 1114 (Ala. 1983).
While it is true that the Armstrongs were granted a summary judgment on the contract claim, they must still present some evidence of tortious conduct in order to get the issue of bad faith before the jury. The evidence showed that Life had a reasonable basis for denying coverage based on the information before it at the time the decision was made. Cf. Dutton, 419 So.2d at 1362. Virginia Life was not aware of the representations made to the Armstrongs when coverage was denied, but based its decision on a literal reading of the policy language. Thus, the trial court was correct in granting a summary judgment in favor of Virginia Life on the issue of bad faith.
The Armstrongs did not present any conflicting testimony that would establish a jury question on the issues of fraud, misrepresentation, and negligence. Testimony was presented that the Armstrongs were told that dependents would be covered while they were employed, as long as workmen's compensation was not provided. However, the agent for Virginia Life who made that representation believed it to be true, and no evidence of intent not to perform was presented. Cf. Clanton v. Bains OilCo., 417 So.2d 149 (Ala. 1982).
The Armstrongs argued in their brief that there had been a negligent or wanton failure to procure insurance coverage. A suit based on such a failure is not an action based on contract between the insured and the insurance company, but an action based on an agency relationship between the insured and the agent who represents the insurance company. Riddle-Duckworth,Inc. v. Sullivan, 253 S.C. 411, 171 S.E.2d 486, 492 (1969). This claim of negligence is barred by the one-year statute of limitations. Alabama Code (1975), § 6-2-39. A negligence cause of action accrues as soon as the plaintiff is entitled to maintain an action, regardless of whether the full amount of damages is apparent at the time of the first legal injury. HomeInsurance Co. v. Stuart-McCorkle, Inc., 291 Ala. 601,285 So.2d 468 (1973).
In Moore v. United States Pipe Foundry Co., 384 So.2d 1108
(Ala.Civ.App. 1980), a life insurance policy lapsed and a suit was brought by the beneficiary after the death of the insured. The court held the claim barred by the statute of limitations, because the cause of action accrued on the date the policy lapsed, rather than the date of the insured's death. Id. at 1110.
By analogy, the Armstrongs suffered legal injury on the date Virginia Life failed to provide a policy in accordance with their expectations. This action was not filed until 1981. The policy became effective on May 1, 1976; thus, the statute of limitations expired within one year of that date.
The allegation in the complaint stated that Virginia Life negligently and wantonly denied coverage, which is essentially a tortious breach of contract allegation. There was no evidence of a tortious breach of contract, since Virginia Life had a *Page 1380 
reasonable basis for denial of coverage. Virginia Life was unaware of the representations made to the Armstrongs.
"The essential elements necessary to establish actionable negligence are: (1) The existence of a duty on the part of the defendant; (2) A failure by the defendant to perform that duty; and (3) An injury to the plaintiff from such failure of the defendant." Calvert Fire Insurance Co. v. Green, 278 Ala. 673,180 So.2d 269 (1965).
Virginia Life had a duty to pay benefits according to its policy and it did not pay, based on the policy language, which, given its lack of knowledge of its agent's representations, was a legitimate reason for not doing so. Thus, a breach of duty was not shown. Furthermore, this court has refused to recognize a negligence cause of action for improper handling of insurance claims. Id.
For all of the above reasons, the trial court was correct in granting a summary judgment in favor of Life on the issues of fraud, misrepresentation, negligence, and bad faith. Accordingly, the judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.